### THE STATE, CALVIN PARDEE, PROSECUTOR, v. THE CITY OF PERTH AMBOY.

When an act of the legislature limits the allowance of a *certiorari* to contest an assessment imposed for a city improvement to a period commencing at the confirmation of such assessment by the council or governing body of such municipality, such period will not commence to run until there has been a confirmation within the power conferred and upon the notice required.

---

On *certiorari.*

Argued at February Term, 1894, before Justices DEPUE, REED and MAGIE.

For the prosecutor, *John W. Griggs.*

For the defendant, *John W. Beekman.*

The opinion of the court was delivered by

MAGIE, J. The return to the writ of *certiorari* exhibits an assessment upon lands of prosecutor in the city of Perth Amboy, for the cost of grading Smith street, reported by the commissioners of assessment to the council on December 21st, 1891, and confirmed by the council by a resolution adopted January 27th, 1892.

The proceedings thus disclosed were taken under the pro-

visions of the "Act to revise the charter of the city of Perth
Amboy," approved March 17th, 1870. *Pamph. L., p.* 1120.

By section 41 of that act it is enacted that no *certiorari*
shall be allowed to set aside any assessment for any improvement in said city after three months shall have elapsed from
the date of the confirmation of said assessment by the council
of said city.

The writ in this case was tested May 2d, 1892, which was
five days after the termination of three months from the date
of the adoption of the resolution of confirmation. It is contended on the part of the city that the *certiorari* should, for
that reason, be dismissed.

The power to confirm, or to refuse to confirm, an assessment thus reported is given by plain inference from the terms
of section 59 of said act. But section 58 expressly requires
notice to be given of the filing with the council of such a
report, and that the council or a committee thereof will meet
at a time and place to be designated in such notice to consider
the assessment and to receive and consider all objections
thereto which may be presented in writing.

There is nothing in the act which requires notice to be
given to parties interested of the meeting of the commissioners to consider and determine upon the amount of the assessments. An act which omitted to require notice of a hearing
before commissioners, was held not to be invalid for that reason, because it did require notice to the parties interested to
appear before the Court of Common Pleas, who were empowered to correct and alter and confirm the assessment.
*Wilson* v. *Karle,* 13 *Vroom* 612; *Freeholders* v. *Road Commissioners, Id.* 608.

Whether an act which required no notice to parties interested other than of a hearing before a tribunal only empowered to confirm or reject the assessment, would be valid, may
perhaps be questioned. But the question need not be resolved. For, looking at the act in question, it is plain that
the legislative intent was to make the power of the council of

Perth Amboy to confirm such an assessment dependent upon the giving of notice in the manner required by section 58.

The provisions of that section respecting the mode of giving the required notice are somewhat confused, but, in my judgment, they require such notice to be given in the following modes : (1) By publication in a newspaper for at least two weeks before the time fixed for considering the assessment; (2) by posting five of such notices on the line of the improvement for the like time; and (3) (in case the owner assessed is a non-resident of the city) by mailing such a notice, directed to him at his last known place of residence, the like period of time before the time fixed for hearing.

The affidavits taken in this case show that prosecutor was a non-resident of Perth Amboy. Therefore all the modes of giving notice prescribed by that section were requisite.

The proceedings of the council do not exhibit any proof made to them of the giving of notice in conformity with the provisions of section 58. The city has produced affidavits and insists that they show that such notice was given. But in this we think the proof entirely fails. The time fixed by council for considering the assessment reported and hearing objections thereto was January 18th, 1892. The notice published in a newspaper is shown to have been first inserted on January 9th, 1892. This did not satisfy the requirement of a publication for at least two weeks. *Barkley* v. *Elizabeth*, 12 *Vroom* 517 ; *Parsons* v. *Lanning*, 12 *C. E. Gr.* 70.

There is proof of notices posted on telegraph poles on the line of Smith street, but there is no proof of the number of notices so posted nor of the time when they were posted. For aught that appears they may have been posted the day before the day fixed for the hearing.

The proof of mailing a notice to prosecutor at his residence in Philadelphia is met by counter proof, which gravely tends to discredit it. But assuming that such notice was mailed to prosecutor, it was not mailed until January 11th, 1892, which was not a compliance with the provisions of section 58.

The result is that, for want of the requisite notice, the

power to confirm this assessment, at least as to prosecutor, was wanting, and the confirmation had no legal validity. When a limitation is imposed upon the power to issue a *certiorari* to contest such an assessment for a period commencing at the confirmation thereof, such period will not commence to run until there has been a confirmation within the power of the municipality and upon the required notice. Otherwise a property-owner may be debarred, without notice, of all opportunity of being heard in opposition to such an assessment. *State, Evans* v. *North Bergen*, 10 *Vroom* 456.

The writ in this case ought not, therefore, to be dismissed, but the proceedings brought up thereby should be examined.

In examining the assessment upon prosecutor, its invalidity in one respect is so clear that it is unnecessary to consider any other of the numerous objections made to it. It appears thereby that the whole cost of the improvement has been assessed upon lands benefited in proportion to the benefits conferred, but it fails to show that the respective assessments have been limited to or do not exceed such benefits. Nor does the evidence tend to show that the assessment upon prosecutor is not in excess of the benefit conferred on his lands, but rather the contrary. This is a fatal defect. *Passaic* v. *Delaware, Lackawanna and Western Railroad Co.*, 8 *Vroom* 538; *State* v. *Harrison*, 10 *Id.* 51; *Hutton* v. *West Orange, Id.* 453.

The assessment and the resolution of confirmation must be set aside.

The amended or additional return shows the ordinance under which this work was done to have been passed in 1877. After that lapse of·time and after the considerable expenditure shown to have been made under its provisions, we think the prosecutor ought not now to be allowed to contest its validity.

The city may apply for any reassessment which it may be advised can be made under the authority of this court.