PATRICK J. WALSH, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL.

Submitted March 19, 1909—Decided June 30, 1909.

The statutory limitation upon the allowance of the writ of *certiorari* (*Pamph. L.* 1907, *p.* 109) cannot be enforced for the protection of an assessment made upon a landowner which the legislature could not constitutionally authorize.

---

On *certiorari.*

Before Justices REED, TRENCHARD and MINTURN.

For the prosecutor, *Riker & Riker.*

For the defendants, *Francis Child, Jr.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of *certiorari* brings up for review an assessment for benefits conferred by the construction of sewers made upon lands of the prosecutor.

The material questions in this case are the same as those considered and decided at the present term of this court in the case of Groel *v.* Newark, *ante p.* 142, with this exception: In the present case it appears by stipulation of counsel that the alleged assessment was confirmed by the Circuit Court on January 16th, 1908, and this writ of *certiorari* was not allowed until December 1st, 1908.

It is insisted by the defendant that, in view of "A supplement to an act entitled 'An act relative to the writ of

*certiorari* (Revision of 1903),' approved April 8th, 1903"
(*Pamph. L.* 1907, *p.* 109), the prosecutor is in laches in pro-
curing his writ, and is debarred of his remedy.

The act of 1907 provides that "no writ of *certiorari* shall
hereafter be allowed to review any assessment or assessments
made upon the owner or owners of land or lands for benefits
assessed   *   *   *   for the construction or cost of construc-
tion of any   *   *   *   sewer or sewers   *   *   *   unless
application for such writ shall be made within sixty days after
such assessment or assessments shall have been confirmed by
a court of competent jurisdiction   *   *   *."

While the record before us does not show when the writ was
*applied for,* yet we assume, as counsel in their briefs have
assumed, that it was more than sixty days after the alleged
assessment had been confirmed.

But notwithstanding this act, we think the prosecutor was
not deprived of his remedy.

We have pointed out in the other case (Groel *v.* Newark)
that the ordinance providing for the construction of the
sewers on account of which the assessment in question was
made, was adopted without either actual or constructive notice
to the prosecutor, and that, for that reason, the ordinance
and all proceedings thereunder, were void as to the prose-
cutor, because he was deprived of his constitutional right to
be heard before his property rights were affected, and that
the defeat was not remedied by the act of 1905. *Pamph. L.,*
*p.* 414. In that case we further pointed out that the prose-
cutor was not prejudiced in his rights by not attempting to
set aside the ordinance until after an assessment was at-
tempted to be made under it, because it appeared that he was
led to believe that the general scheme of improvement was to
be made at public expense and that no assessment would be
levied against him.

By the failure of the municipal authorities to give either
actual or constructive notice to the prosecutor of the intention
to adopt, or the pendency of, the ordinance by virtue of which
they attempted to assess his land, they failed also to acquire
the right to impose the assessment of special benefits in ques-

tion.   Under such circumstances it is not within the constitutional power of the legislature to sanction a special assessment.   *Meredith* v. *Perth Amboy,* 34 *Vroom* 520.

The statutory limitation upon the allowance of the writ of *certiorari* cannot be enforced for the protection of an assessment which the legislature could not constitutionally authorize.   *Meredith* v. *Perth Amboy, supra; Pardee* v. *Perth Amboy,* 28 *Vroom* 106; *Kirkpatrick* v. *Commissioners,* 13 *Id.* 510; *Traphagen* v. *West Hoboken,* 10 *Id.* 232; *S. C. on error,* 11 *Id.* 193; *Evans* v. *North Bergen,* 10 *Id.* 456.

For this reason, and for the reasons given in the case of Groel *v.* Newark, the assessment under review, together with the preliminary proceedings upon which it rests, so far as they affect the prosecutor, must be set aside and vacated, with costs.