George W. Zink, Respondent, *v.* Anna McManus et al., Appellants.

*It seems* that where the owner of lands in the city of Buffalo executed and acknowledged a deed thereof to another, and in view of the provisions of the charter of said city (§ 40, tit. 2 and § 4, tit. 6, chap. 519, Laws of 1870), which requires the city assessors to note upon every deed of lands in the city the fact of its presentation to them, and to enter upon the assessment-roll the name of every person marked upon the maps in their office as owners, and which prohibits the county clerk to record any deed not marked by the assessors, he caused the deed to be presented to the assessors to be marked by them and it was entered by them upon a map in their office, and the land was thereafter, without any notice or objection on the part of the grantor, assessed to the grantees, although the deed was never delivered and so never became operative as a conveyance, the owner is precluded from claiming an assessment of the lands to the persons named as grantees to be invalid.

Under the provisions of the Revised Statutes (1 R. S. 391, § 112, subd. 5) requiring that when land to be assessed is part of a lot, the part "must be designated by boundaries, or in some other way by which it may be known," a reasonably accurate designation and description of land assessed and sold for non-payment of taxes is necessary in order to give validity and effect to a conveyance upon such sale.

Where, therefore, in the description in an assessment-roll, advertisement for sale, notice to redeem and conveyance by the comptroller of said city for lands in said city sold for taxes, which were described as part of a farm, but two boundary lines were given, which were street lines,

and did not actually enclose any land, and it was impossible to ascertain from the description the form or shape of the lot, *held*, that the description was insufficient, and that the deed was void for uncertainty.

The provision of the act of 1880 in reference to the collection of unpaid taxes in said city (§ 9, chap. 275, Laws of 1880), which requires any action or proceeding to test the validity of a tax or assessment, to be commenced within one year from the delivery of the roll to the treasurer, and declares that the irregularity and invalidity of a tax or assessment shall not be available as a defense, after the expiration of the year, in an action to collect the tax or to enforce any right or title by virtue of a sale thereunder, does not apply to an action of ejectment brought by the owner to recover lands from a person in possession, claiming under a void conveyance by the city authorities, based upon an assessment and sale without jurisdiction.

Reported below, 49 Hun, 583.

(Argued April 16, 1890; decided April 29, 1890.)

Appeal from order of the General Term of the Supreme Court in the fifth judicial department, made October 2, 1888, which reversed a judgment in favor of defendants entered upon a verdict directed by the court and granted a new trial.

The nature of the action and the material facts are stated in the opinion.

*LeRoy Parker* for appellants. Plaintiff's action is barred by the statute. (Laws of 1880, chap. 275, § 10.) The tax was properly assessed and to the proper person. (Laws of 1870, chap. 519, § 40; *Stewart* v. *Fonda*, 19 Hun, 197; *M. & T. Bank* v. *Hazard*, 30 N. Y. 226; Cooley on Tax. 360, 818; 1 Desty on Tax. 554, 555; *Hubbard* v. *Winsor*, 15 Mich. 146; 36 N. J. L. 300; 34 id. 79.) The description in the tax proceedings and in defendant's deed from the comptroller is sufficient. (*Brunn* v. *Murphy*, 29 Cal. 326; *Coleman* v. *M. B. Co.*, 94 N. Y. 229; *People ex rel* v. *Storms*, 97 id. 364; *Case* v. *Dexter*, 106 id. 548; *Thayer* v. *Finton*, 108 id. 394; *Bridges* v. *Pierson*, 45 id. 601; *Maxon* v. *Maxon*, 16 N. Y. S. R. 74; *Green* v. *Eldred*, 66 N. Y. 601; *Smith* v. *Messer*, 17 N. H. 470; Laws of 1880, chap. 375, § 1.) The deed to the defendant, Anna McManus, given by the comptroller, is conclusive evidence that the sale was

regular; and presumptive evidence that all previous proceedings were regular. (Laws of 1880, chap. 275, § 8; *Chamberlain* v. *Taylor*, 36 Hun, 24.)

*Moses Shire* for respondent. The plaintiff's deed correctly describes the property. (*In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342; *In re N. Y. C. & H. R. R. R. Co.*, 70 id. 191; *Dake* v. *Lewis*, 4 Den. 237; 2 Barb. 344; *Hill* v. *Mowry*, 6 Gray, 551; *Tallman* v. *White*, 2 N. Y. 66, 72; *Sharp* v. *Spier*, 4 Hill, 76; *Sharp* v. *Johnson*, Id. 92; *Beckman* v. *Bigham*, 6 N. Y. 366–368; *Thompson* v. *Burhans*, 61 id. 60.) The published notice of sale is defective. (*Jackson* v. *Shepard*, 7 Cow. 88; *Varick* v. *Tallman*, 2 Barb. 113; *Hilton* v. *Bender*, 69 N. Y. 75; *Tallman* v. *White*, 2 id. 66; *Lalor* v. *Mayor, etc.*, 12 Daly, 235; *Westfall* v. *Preston*, 49 N. Y. 349; *Newell* v. *Wheeler*, 48 id. 486, 487; *Sharp* v. *Spier*, 4 Hill, 76; *Sharp* v. *Johnson*, Id. 92; *Thompson* v. *Burhans*, 61 N. Y. 52, 65; *O'Donnell* v. *McIntyre*, 37 Hun, 615; *Neber* v. *Hatch*, 10 Abb. [N. C.] 431; *Doughty* v. *Hope*, 3 Den. 249; 1 N. Y. 79; *Striker* v. *Kelly*, 2 Den. 323; *Beckman* v. *Bigham*, 5 N. Y. 366; *Cruger* v. *Dougherty*, 43 id. 117; *Westbrook* v. *Willey*, 47 id. 457; *Bellinger* v. *Gray*, 501 id. 610.) The sale of the land to the city of Buffalo for one dollar more than sufficient to pay the taxes was *ultra vires*. (Laws of 1880, chap. 275, § 1; *Bunner* v. *Eastman*, 50 Barb. 639.) The notice served on George W. Zink was fatally bad in stating that the expenses of making searches on the lot were four dollars, and requiring him to pay the sum of four dollars for searches, in addition to the tax, interest and other expenses in order to redeem. (Laws of 1880, chap. 275, § 8.) The service of notice upon William A. Zink, a judgment creditor, was undoubtedly a nullity. (*Clementi* v. *Jackson*, 92 N. Y. 595; Laws of 1882, chap. 113; *Jackson* v. *Esty*, 7 Wend. 148; *Adriance* v. *McCafferty*, 2 Robt. 153; *Jackson* v. *Shepard*, 7 Cow. 88; *Doughty* v. *Hope*, 3 Den. 595; *In re Smith*, 52 N. Y. 526; *Simonton* v. *Hays*, 32 Hun, 286; *Becker* v. *Holdridge*, 47 How. Pr. 429.) Plain-

tiff is entitled to judgment absolute on the defendant's stipulation incorporated in her notice of appeal. (*Mackay* v. *Lewis*, 73 N. Y. 382; *Krekeler* v. *Thaule*, Id. 608; *Simar* v. *Canaday*, 53 id. 298, 306.) Proof of the custom in making assessments could not affect the question as to whether the assessment contained a sufficient description of the property. (*Holmes* v. *Pettingill*, 60 N. Y. 646.) Plaintiff proved title and possession in himself under a deed which established his case *prima facie*. Defendant could overcome this only by showing a prior possession, a perfect record title in herself, or that she had acquired the plaintiff's title. (*Smith* v. *Lorillard*, 10 Johns. 326; *Clute* v. *Voris*, 51 Barb. 511, 515; *Jackson* v. *Hubble*, 1 Cow. 613; *Hubbard* v. *Barry*, 21 Cal. 321; *Schulz* v. *Arnot*, 30 Mo. 172; *Wilson* v. *Palmer*, 18 Tex. 592; *Shumway* v. *Phillip*, 22 Penn. St. 151; *Tapscott* v. *Cobbs*, 11 Gratt. 172; *Jackson* v. *Hague*, 2 Johns. 22.) The plaintiff is not estopped from attacking the validity of the tax upon which the comptroller's deed is based, by the one year Statute of Limitations contained in section 9 of chapter 275 of the Laws of 1880. (Laws of 1870, chap. 519, § 10; N. Y. Const. art. 3, § 16.)

O'BRIEN, J. This is an action of ejectment brought to recover certain lands in the city of Buffalo. The plaintiff proved title to the premises described in the complaint under a deed executed to him in 1874, by the owners of the lands, and this entitled him to recover, unless his title was subsequently divested by proceedings for the sale of the lands for taxes.

The defendant claimed to have obtained title under a deed from the comptroller of the city of Buffalo, dated May 25, 1886, which recites that in 1883, the land was assessed for taxes which remained unpaid, and that proceedings were instituted under the statute for the sale of the same; and that it was duly advertised and sold for the taxes levied for that year to the defendant, and that it had not been redeemed by the plaintiff.

Under the statute prescribing the proceedings for the sale of land for unpaid taxes in the city of Buffalo this deed is made conclusive evidence of the regularity of the sale, and presumptive evidence that all previous proceedings were regular according to law and the provisions of the act. (Laws of 1880, chap. 275, §§ 8, 9.)

It appears that the lands in question were not assessed to the plaintiff, although he was the actual owner, but to other parties for the reason that about the year 1876, the plaintiff executed and acknowledged a deed of the premises in form, conveying them to P. and J. Zimmerman. This deed, however, was never actually delivered to the grantees named therein; but under the provisions of the charter of the city of Buffalo, requiring the assessors to note upon every deed of lands in the city presented to them the fact of such presentation, and prohibiting the county clerk from recording any deed which shall not have been so marked by the assessors, under a penalty of ten dollars, the deed after execution and acknowledgment was presented to the assessors, stamped by them as required by the statute, and the names of the grantees mentioned in the deed entered upon a map kept by the assessors; and thereafter, although the deed never became operative as a conveyance of the land, the premises were assessed to the Zimmermans.

On the trial of the action the court directed a verdict for the defendant, holding that the title to the premises had become vested in her under the comptroller's deed. Upon appeal to the General Term this judgment was reversed upon the ground, as appears by the opinion, that the assessment not having been made against the plaintiff, who was the true owner of the lands, was invalid, and all subsequent proceedings for the sale of the lands were unauthorized and void.

If the sale and conveyance of the lands to the defendant by the comptroller were in other respects valid, we should hesitate to hold that the assessment was made without jurisdiction. The lands were assessed to the Zimmermans because the plaintiff, under the provisions of the statute, caused to be delivered

to the assessors a deed in which they were named as grantees, and the assessors thereupon treated the deed as operating to change the title, and thereafter, without any notice or objection from the plaintiff, or anyone else, they continued to assess the lands to the Zimmermans. We think that when the owner of real property, under such circumstances, and in view of the statute applicable to the city of Buffalo, procures it to be assessed to other persons, he cannot be permitted to claim that the assessment is invalid because the assessors acted upon the information thus given to them, and assessed the land to the persons who appeared as grantees in the deed.

It is not necessary, however, to pass upon that question in this case, as we are of opinion that the conveyance by the comptroller to the defendant is fatally defective for other reasons.

The lands to which the plaintiff proved title, and which he sought to recover in the action, are described in the complaint as follows:

"All that certain piece or parcel of land situate, lying and being in the city of Buffalo, county of Erie, aforesaid, and state of New York, bounded and described as follows:

"Beginning at stake in the New York State Reservation line distant one hundred and thirty-nine (139) feet southerly from a stake set at a point where the northerly line of William A. Bird's farm intersects the New York State Reservation line; thence running westerly two hundred and ninety-seven (297) feet to a stake set thirty-three (33) feet southerly from the point at which the northerly line of William A. Bird's farm crosses the northerly line of the Military road; thence running southerly along said road eight hundred and seventy-two (872) feet to a stake; thence running easterly and at right angles with the said Military road, four hundred four and eighty-eight hundredths ($404_{\frac{88}{100}}$) feet to the New York State Reservation line; thence running northerly on said reservation line, nine hundred fifty-nine and five-tenths ($959_{\frac{5}{10}}$) feet to the place of beginning."

This land was not described or sufficiently identified by the entry actually made upon the assessment-rolls, or in the adver-

tisement of sale, the notice to redeem, or the conveyance itself. The only description contained in the assessment-rolls, the notice of sale and of redemption, is as follows:

| "No. of Tax. | To Whom Assessed. | Block or Lot. | Feet Front. | Feet Deep. | Name of Street. | Side. | Feet. | Course | Street. | |
|---|---|---|---|---|---|---|---|---|---|---|
| 31363 | Jos. and Peter Zimmerman. | Bird Farm | 872 | 290 N. Line. | Military R. | E. | 918.60 | N. | Hertel Ave. | $24.07" |

In the conveyance by the comptroller to the defendant the only description is the following:

"And whereas, the said party of the second part became entitled, by assignment of the certificate issued at such sale, to the following parcel of land in the Twelfth ward of the city of Buffalo, to wit: Part of Bird farm, eight hundred and seventy-two (872) feet front, two hundred and ninety (290) feet north line deep, on the easterly side of Military road, commencing nine hundred and eighteen and sixty one-hundredths (918$\frac{60}{100}$) feet northerly from Hertel avenue."

It was the duty of the assessors to designate or describe the land " by boundaries, or in some other way by which it may be known." (1 R. S. title 2, part 1, chap. 13, art. 2.) When we compare the description in the comptroller's conveyance to the defendant with that contained in the complaint, it is plain that they do not agree, and that no sufficient words or suggestion is contained in the former identifying or calling attention to the latter. A reasonably accurate designation or description of the land assessed and sold is necessary in order to give validity and effect to the conveyance. There are but two boundary lines contained in the description of the lands in the comptroller's deed. No land is actually inclosed by it. It is impossible, from the description, to ascertain the form or shape of the lot or how far, either to the west or to the south its actual boundaries extend. It is impossible, as it seems to us, to locate or identify the lands thus described with any degree of certainty. We are, therefore, of opinion that under

the rules applicable to the assessment and sale of land for taxes, the defendants' deed from the comptroller was void for uncertainty. (*In re N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 191; 90 id. 342, 349; *Dike* v. *Lewis*, 4 Den. 237; *Hill* v. *Mowry*, 6 Gray, 551; *Tallman* v. *White*, 2 N. Y. 66, 72; *Sharp* v. *Speir*, 4 Hill, 76; *Sharp* v. *Johnson*, id. 92.)

It would be difficult, even in a conveyance between individuals, to hold that the description contained in the comptroller's deed embraces or sufficiently identifies the land described in the complaint. In proceedings *in invitum*, where public officers undertake to convey, under statutory power, the property of individuals, such a description is fatally defective.

It is provided by the charter of the city of Buffalo that any action or proceeding to test the validity or regularity of a tax or assessment, shall be commenced within one year from the time of the delivery of the roll, in which said tax or assessment is contained, to the treasurer. It is urged on behalf of the defendant that this statute bars the plaintiff's right to maintain this action. We are of opinion, however, that this statute has no application to an action of ejectment brought by the true owner to recover lands from a person in possession and claiming under a void conveyance from the city authorities, based upon an assessment and sale without jurisdiction.

The order of the General Term reversing the judgment of the trial court should, therefore, be affirmed and judgment absolute directed for the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.