(54 App. Div. 214.)

UNDERHILL v. KEIRNS.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

TAX DEEDS—DESCRIPTION OF LAND—UNCERTAINTY.

> A tax deed conveying "twenty-five acres, north side, fronting on highway," of a tract of land, "to be located and laid out at the expense of the grantee,"—no boundaries being given, and there being no indication from what portion of the north side the land is to be taken,—is void for uncertainty.

Appeal from special term.

Ejectment by Reuben H. Underhill, as receiver of the New York & Boston Insurance Company, against Patrick Keirns. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Reuben H. Underhill, in pro. per.
Charles C. Sanders, for respondent.

RUMSEY, J. The action is ejectment to recover certain premises claimed by the plaintiff as receiver of the New York & Boston Insurance Company. The plaintiff proved enough to entitle him to the possession of the premises, unless the defendant successfully impeached his title. The defendant sought to do this by producing a deed made to him on the 20th of April, 1894, conveying to him certain premises which had been sold for taxes assessed against the former owner of the land. The court below concluded that this deed was sufficient to carry to the defendant the title to the land sought to be recovered, and for that reason he dismissed the complaint, and the only question presented here is whether that conclusion of the court was correct.

The premises sought to be recovered were 25 acres of land on the north side of a certain piece of land in the town of Babylon. These 25 acres were undoubtedly included in the description of the land that was conveyed by Quimby, and by him conveyed to the corporation of which the plaintiff is receiver. The defendant claims that these 25 acres were conveyed to him by the tax deed upon which he relies. The plaintiff insists, not only that this deed was entirely illegal, because the county treasurer had no jurisdiction, but that it is void, because it is impossible from the description to locate the 25 acres said to be conveyed. We are satisfied that the contention of the plaintiff in that regard is correct, and that the deed is void for uncertainty. The deed recites the act of the legislature in reference to the collection of taxes under which the proceeding was

taken, being chapter 620 of the Laws of 1873, as amended by chapter 80 of the Laws of 1875, and the authority given to the county treasurer by those statutes to sell lands for unpaid taxes. It then recites that taxes on certain parcels of land in the county of Suffolk were returned to the county treasurer as unpaid, and had remained unpaid for the period of six months from the time they were payable. Then follows the following:

That the county treasurer did sell "So much of each of the parcels of land so as aforesaid charged and remaining unpaid as was necessary to satisfy and discharge the taxes, interest, and charges due thereon, respectively, at the time of the sale; and whereas, the said party of the second part became entitled, by virtue of being the highest bidder at a tax sale held April 12th, 1892, to the following tract, piece, or parcel of land, situate in the town of Babylon, county of Suffolk, viz.: All that certain tract, piece, or parcel of land known as 'Quimby Farm,' situated on east side of highway leading from Amityville to Farmingdale, about one mile north of Amityville, in town of Babylon, and bounded northerly by land of John H. Miller, east by land of Seth Platt Purdy and Jesse Purdy, south by land of Thomas Carman, and west by said highway, containing 101 acres, more or less, excepting that part which is assessed to Henry Van Nostrand,—about three acres,—with dwelling house and other buildings. Ninety (90) acres. Sold 25 acres, north side, fronting on highway. Which said piece or parcel of land above described was sold by the said county treasurer at the said sale under and by virtue of the said act."

The land sold is "twenty-five acres, north side, fronting on highway," and that is all the description contained in the deed; but it is said that this land is "to be located and laid out, however, at the expense of the party of the second part," the grantee in the conveyance. No boundaries are given. The manner in which the land is to be laid out is not mentioned. There is no indication whether the land is to extend across the lot, or to be taken out of one corner of it; nor is there any way of ascertaining what particular portion of the whole lot is to be taken for the 25 acres. Under the deed the grantee was at liberty to locate the land sold to him anywhere on the northerly side of this lot. In proceedings in invitum, where public officers undertake to convey lands to individuals under statutory authority, not only must all the provisions of the statute be complied with, but the lands conveyed must be so described and set apart that there can be no question as to their situation. Zink v. McManus, 121 N. Y. 259, 24 N. E. 467; Peck v. Mallams, 10 N. Y. 509; Hill v. Mowry, 6 Gray, 551. The supposed description of this deed does not comply with any of these requirements. One with the deed in his hand could not go upon the land and locate the premises sold. Although by the deed the grantee was given authority to locate the land at his own expense, yet he could only get title to such portion of it as could be located from the description. There is practically no description. For that reason the deed is void for uncertainty, and defendant took no title under it.

We have not found it necessary to examine the various objections made to the jurisdiction of the assessor and the county treasurer. It is sufficient to say that we determine this case upon the grounds above stated, and for that reason the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the result of the action. All concur.