ALLTER v. VILLAGE OF ST. JOHNSVILLE.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. MUNICIPAL CORPORATIONS (§ 972*)—PUBLIC IMPROVEMENTS—ASSESSMENTS.

Village Law (Laws 1897, p. 403, c. 414) § 106, requires the assessment roll to be prepared and completed by the assessors, and section 108, that it be filed by them with the village clerk. Section 110 provides that the board of trustees shall thereafter prepare the annual tax levy. Section 168 provides, as one of the remedies for the enforcement of a local improvement assessment, the inclusion of the amount thereof in the next annual tax levy. *Held*, that a village assessment roll including a local improvement assessment was unauthorized, as the assessment roll and tax levy are entirely distinct, and such an assessment has no place in the assessment roll, which is solely the work of the assessors, but in the tax levy, which is solely the work of the trustees.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 972.*]

2. MUNICIPAL CORPORATIONS (§ 480*)—PUBLIC IMPROVEMENTS—ASSESSMENTS.

A local improvement assessment describing the owner of the property as "Allter, Wesley & Co.," is no assessment whatever against the owner, who is a member of such firm or company.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1130; Dec. Dig. § 480.*]

3. MUNICIPAL CORPORATIONS (§ 972*) — PUBLIC IMPROVEMENTS—ASSESSMENTS—DESCRIPTION—SUFFICIENCY.

Village Law (Laws 1897, p. 400, c. 414) § 104, requires the assessors to prepare an assessment roll of the persons and property taxable within the village in the same manner as is required for the preparation of the town assessment roll. Tax Law (Laws 1896, p. 803, c. 908) § 21, as amended by Laws 1899, p. 1594, c. 712, § 3, directs that a town assess-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment roll shall contain in a column for that purpose the quantity of real estate taxable to each person, with a statement thereof in such form as the commissioners of taxes shall prescribe. *Held*, that an assessment of property as "N. Division St.," without other location or description being given, did not specify the property so as to render its identification possible, and was fatally defective.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 972.*]

4. MUNICIPAL CORPORATIONS (§ 513*)—RIGHT OF ACTION—VOID ASSESSMENTS.

An action will not lie to vacate an improvement assessment as a cloud on title, where the assessment is on its face void.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1197; Dec. Dig. § 513.*]

5. MUNICIPAL CORPORATIONS (§ 972*)—ASSESSMENT ROLL—EFFECT AS EVIDENCE.

Village Law (Laws 1897, p. 408, c. 414) § 118, making an assessment roll filed with the clerk, certified by him under the corporate seal, presumptive evidence of the contents thereof, the regularity of the assessment, and the right to levy the tax, applies only where an irregularity does not appear on the face of the assessment roll.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 972.*]

6. MUNICIPAL CORPORATIONS (§ 972*)—ASSESSMENT ROLL—EFFECT AS EVIDENCE.

Nor does such section apply to matters improperly interpolated in the assessment roll and entirely irrelevant thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 972.*]

Smith, P. J., and Kellogg, J., dissenting in part.

Appeal from Trial Term, Montgomery County.

Action by Wesley Allter against the Village of St. Johnsville. Judgment for defendant, and plaintiff appeals. Modified, and, as modified, affirmed.

The plaintiff having failed to comply with a notice of the defendant's trustees requiring him to construct a sidewalk in front of his premises, said trustees in the year 1906 caused a cement sidewalk to be constructed, and took proceedings with a view to the assessment of the expense thereof upon the land of plaintiff. The trustees seek to justify their action under section 161 of the village law (Laws 1897, p. 421, c. 414), as amended by chapter 98, p. 137, of the Laws of 1905. The judgment sought by plaintiff herein is that said assessment and tax be vacated and set aside, and the defendant and its officers be restrained from attempting in any manner to enforce the same.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Andrew J. Nellis and George C. Butler, for appellant.
Edward R. Hall, for respondent.

COCHRANE, J. Much energy has been uselessly expended in an effort to determine the meaning of section 166 of the village law (Laws 1897, p. 422, c. 414), as amended by chapter 97, p. 185, of the Laws of 1906, because of a new provision introduced by such amendment as to the flagging of sidewalks. Inasmuch as the sidewalk in question was built of cement and not of flagging, any discussion or consideration of the meaning or effect of such amendment is entirely irrelevant. Compliance with said amended section was unnecessary on the part of the trustees.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 168 of the village law provides three remedies for the enforcement of an assessment for a local improvement such as the one in question viz.: First, an action by the village to recover the amount of the assessment; second, a special warrant issued by the board of trustees for the collection thereof; third, the inclusion of the amount thereof in the next annual tax levy. From the allegations of the complaint and from the evidence, it would seem that the trustees have attempted to follow the latter remedy.

The complaint contains the following allegations:

"That no assessment for the expense of laying said sidewalk by the defendant herein was ever made by said board of trustees against this plaintiff or against plaintiff's said real property, and that no notice for the assessment of said expense of laying of said sidewalk, with a notice of the time and place of hearing as required by law, was ever given plaintiff.

"That said board of trustees, without authority of law, have put upon the village assessment roll of the said village of St. Johnsville for the year 1907 an assessment for the laying of said cement sidewalk in the sum of $83.20, which appears upon said assessment roll as follows: 'Owner, Allter, Wesley & Co.; occupant, Union Knitting Co.; location and description of property, N. Division St.; No. of acres; price per acre, sidewalk assessment $83.20; value of real estate in dollars, $4,500; total value in dollars, $4,500; Reg. Tax 75.15; sidewalk 83.20; amount of tax 158.35.'

"That said assessment of $83.20 was made without any authority, without any resolution or ordinance of the board of trustees of defendant, and the placement of said assessment or tax of the said sum of $83.20 upon said assessment roll is illegal and void."

From the foregoing allegations of the complaint it is quite clear that plaintiff has mistaken his remedy. If, as he alleges, the village trustees have made no assessment against him or his property, it is clear beyond argument that no cloud on title arises or can arise by reason thereof. The allegation that the trustees have put upon the village assessment roll for the year 1907 an assessment for laying said sidewalk evidently refers to the method which the trustees attempted for enforcing the same, viz., the inclusion thereof "in the next annual tax levy," as provided in section 168 previously pointed out. The trustees, as provided by said section 168, first make the assessment upon the land. That, it is alleged in the complaint, has not been done. Next, the trustees, as one of three methods provided by said section for collecting such assessment, include the amount thereof in the next annual tax levy. That, according to the allegation of the complaint, they have apparently attempted to do, and such assessment appears on the general annual village assessment roll for the following year as disclosed in that part of the complaint which is above quoted.

There seems to have been in this case some confusion as to the distinction between the assessment roll and the tax levy. They are entirely distinct, and depend for their existence on the acts of different officials. The assessment roll is prepared and completed by the assessors, and filed by them with the village clerk. Sections 106, 108. Thereafter the board of trustees prepare the annual tax levy. Section 110. The tax levy is in the nature of a process for the collection of the tax. This assessment for a local improvement, therefore, has no place in the annual assessment roll, which is solely the work of the assessors, but in the tax levy, which is solely the work of the trustees, and who

are authorized by section 168 to include in said tax levy such local assessment, which is also made by themselves and not by the assessors. Thus the plan of making and collecting an assessment for a local improvement is logical and systematic. The assessors have nothing to do therewith, either in making or collecting the assessment, but those are the duties of the trustees. In some villages the trustees act as assessors. Section 51. But in such cases their duties and functions as assessors and trustees respectively are as separate and distinct as if performed by separate sets of officers, and the same distinction exists between an assessment roll and tax levy whether the assessment roll is prepared by assessors or by the trustees acting as assessors. If, then, as alleged in the complaint, the board of trustees have placed this local assessment on the village assessment roll for the year 1907, the plaintiff is quite right in his allegation in the complaint that such act was "without authority of law." This illegality appears on the face of the assessment roll.

For another reason this general village assessment roll which seems to include this local assessment, is on its face fatally defective. The owner of the property is therein described as "Allter, Wesley & Co." There is a statement that the occupant is "Union Knitting Co." The only location or description is given as "N. Division St." There is no statement as to the quantity of land. There is a statement that the value of the real estate is $4,500; the regular tax, $75.15; the sidewalk tax (being the amount in question), $83.20—total amount of tax, $158.35.

It is required by section 104 of the village law that the assessors shall—

"prepare an assessment roll of the persons and property taxable within the village in the same manner and form as is required by law for the preparation of the town assessment roll."

Section 21 of the tax law (Laws 1896, p. 803, c. 908, as amended by Laws 1899, p. 1594, c. 712, § 3) directs that a town assessment roll shall contain six columns, and that the assessors shall—

"set down (1) in the first column the names of all the taxable persons in the tax district; (2) in the second column the quantity of real property taxable to each person with a statement thereof in such form as the commissioners of taxes shall prescribe."

This assessment is altogether too vague and indefinite to be enforced. There is in fact no assessment whatever against the plaintiff. The most that can be asserted is that there is an assessment against some firm or company of which he is a member. Nor is the property specified in such way as to render its identification possible. This is a proceeding in invitum, where the intent of the parties cannot be determined, for the reason that there is no meeting of minds on any common proposition. A tax deed following a sale of this property can only convey such property as is described in this assessment roll. It may only be determined therefrom that somewhere on North Division street, but on what part thereof or on which side thereof does not appear, an assessment has been made against some property, the extent of which nowhere appears, which is occupied by the Union

Knitting Company and owned by Wesley Allter & Co. There is an entire failure to specify the quantity of real property as specifically required by the statute, nor is there any reference to anything whereby the particular land may be pointed out or identified. Such an assessment roll is on its face fatally defective and void. Lawton v. City of New Rochelle, 114 App. Div. 883, 100 N. Y. Supp. 284; Zink v. McManus, 121 N. Y. 259, 24 N. E. 467; In the Matter of the Application of the N. Y. C. & H. R. R. Co., 90 N. Y. 342. An action in equity will not lie to remove a cloud on title or vacate an assessment where the assessment appears on its face to be void. Such an assessment is not, and cannot become, a cloud on title. It is harmless, and no action is necessary on the part of the plaintiff to vacate it or protect himself therefrom. It is well settled that to maintain such an action it must appear that the proceedings are regular on their face, and invalid only because of a defect dehors the record. Marsh v. City of Brooklyn, 59 N. Y. 280; Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289; Alvord v. City of Syracuse, 163 N. Y. 158, 161, 57 N. E. 310; Sanders v. Village of Yonkers, 63 N. Y. 489; Mellen v. Mellen, 139 N. Y. 210, 219, 34 N. E. 925.

The plaintiff claims that a different principle applies to this case because of the provision of section 118 of the village law, viz.:

"An assessment roll filed with the clerk, or a copy of the same, or any part thereof, certified by him under the corporate seal, shall be presumptive evidence of the contents thereof, of the regularity of the assessment, and of the right to levy such tax."

To this there are two answers: First, that provision only applies where the illegality does not appear on the face of the assessment roll. Where it does so appear, the assessment roll itself repels the presumption. In Trumbull v. Palmer, 104 App. Div. 51, 93 N. Y. Supp. 349, it was expressly found that the illegality of the assessment existed dehors the record assessment, and nothing to the contrary was held in Rumsey v. City of Buffalo, 97 N. Y. 114. Second, said provision does not apply to matters improperly interpolated in the assessment roll and which are entirely irrelevant thereto. As we have seen, any statement as to this local assessment is as inappropriate in the annual assessment roll as would be a statement as to the general history of the village.

We have it therefore from the complaint that no assessment has in fact been made against plaintiff's property, and that the attempted inclusion of the tax in the annual assessment roll is on its face a nullity, and ineffectual to create a cloud on title. There is no other allegation sufficient to set in motion a court of equity. The complaint was therefore properly dismissed.

The judgment, however, does not alone dismiss the complaint, but contains affirmative adjudications as to various propositions. It contains the following provisions, viz.:

"That the notice served upon the plaintiff in accordance with the provisions of section 161 of the village law was a sufficient notice, and his failure to comply therewith was sufficient warrant for the defendant to proceed under section 161 of the village law and build the sidewalk at plaintiff's expense; that the proceedings taken by the board of trustees of the defendant in reference to the

construction of said sidewalk, and the said tax or assessment, as the same appears in the tax roll of the village of St. Johnsville for the year 1907, are proper and legal; that defendant is entitled to the judgment of this court, and judgment is hereby ordered that the said assessment or tax of eighty-three dollars and twenty cents against the plaintiff is valid and legal in all respects, and the defendant is entitled to enforce the collection of the same."

For the reasons already stated, the judgment is wrong so far as it determines that the assessment as it appears in the tax roll of 1907 is proper and legal. It is unnecessary now to consider whether or not the other of the said provisions of the judgment are right. They are necessary, and their presence in the judgment may embarrass the plaintiff in some other action or proceeding, and they should therefore be stricken therefrom. Whether a valid assessment has been made against plaintiff, we do not decide.

The judgment should be modified by striking therefrom said provisions above indicated, and, as so modified, affirmed, without costs.

CHESTER and SEWELL, JJ., concur.

JOHN M. KELLOGG, J. (dissenting in part). The law imposed upon the plaintiff the duty of making a sidewalk in front of his premises, of such material as the village trustees required. He failed to perform that duty after due notice, and thereupon it became the duty of the trustees under the law to build the walk, determine the cost thereof and charge the amount thereof upon the plaintiff and the property. Charging the cost of the walk constructed for the plaintiff upon the property improved is not a tax, and a proceeding to reimburse the village is not to be treated as one levying or enforcing a tax. It is rather a proceeding to compel the plaintiff to pay for his own walk, which by neglecting to build he impliedly requested the village to build for him at his expense. The walk was built under section 161 of the village law (Laws 1897, p. 421, c. 414) as amended by chapter 98, p. 137, of the Laws of 1905, which, with sections 113 and 168 of that law, make the plaintiff and the property chargeable with the cost of construction and authorize the trustee to assess the amount.

The statute prescribes no form for the assessment but only requires that notice of the expenditure and the amount thereof be given, fixing a time for hearing thereon, The board hears and determines objections, and assesses upon the land improved the cost of such improvement, not exceeding the amount mentioned in the notice. The statute authorizes collection of the amount in either of three ways: (1) The village may sue the owner; (2) a special warrant may issue for the collection of the assessment; or (3) it may be included in the next annual tax levy, which latter course was pursued in this case. Including the amount in the tax levy is not an assessment of a tax; it is simply a remedy for the collection of a tax already charged upon plaintiff and the property improved. It is therefore quite immaterial whether the amount of this assessment is included in the annual assessment roll of the village in the form prescribed by the statutes relating to taxation. In matters of taxation it is important to observe every requirement of the statute in making the assessment and extending the tax,

because the assessment and the subsequent actions thereon form the only basis for liability or a lien. Here we have seen the liability existed independent of the assessment roll, and including the amount in the roll is one of the remedies which the village may resort to to compel a delinquent to pay his assessment. We cannot say that the amount of this assessment is not properly included in the assessment roll for the annual tax levy. It shows Wesley Allter & Co. the owner, the Union Knitting Company the occupant, the property on the north side of Division street, and a sidewalk assessment for $83.20. The name "Union Knitting Company" is the name under which the plaintiff had carried on a knitting mill upon said premises for over twelve years. Upon the day of the hearing, in the objections raised, he did not question the form of the assessment so far as the name of the owner and occupant is concerned. With the knowledge that this is a sidewalk assessment for a cement walk built upon the plaintiff's land on the north side of Division street in the village, which land was occupied by the knitting mill, there seems to be no difficulty in locating the particular lands charged with the assessment. That is deemed certain which is capable of being made certain by a reference to known facts, and here the known facts make the description in the assessment roll sufficient for all practical purposes. I think therefore the sidewalk assessment was properly made, and the plaintiff and the property occupied by the knitting mill are chargeable with payment thereof, and that the judgment should be affirmed, with costs.

SMITH, P. J., concurs.