JOHN KAMERN, Plaintiff, *v.* JENNIE W. COTTLE and Another, Defendants.

County Court, Erie County, December 23, 1927.

* See 145 Misc. 611.

Edgar H. Hedley, for the plaintiff.

Edmund P. Cottle, for the defendants Cottle.

Frederick C. Rupp [Elmer S. Stengel of counsel], for the city of Buffalo.

J. Neil Mahoney, for the defendant Wiltsie.

POOLEY, Referee. Sections 174 and 175 of chapter 217 of the Laws of 1914 provide for the bringing of an action as in mortgage foreclosure and confers jurisdiction upon the County Court.

The summons and complaint purport to bring in as parties defendant owners and all other lienors interested in premises on east side of Folger street, and sets forth the record of tax sales of various years, the purchasers at said sales, and the assignment of three certificates to the plaintiff, being on the sale of 1919, 1920 and 1921, for the tax of the previous year in each case.

The defendants appearing are, the city of Buffalo, purchaser of certificates on sale of 1907, 1908, 1922 to 1926, both inclusive; Charles H. Wiltsie, purchaser of certificate on sale of 1918; and defendants Cottle, representing interest of Octavius O. Cottle, purchaser of certificate on sale of 1906.

The complaint contains the formal allegations as in a mortgage foreclosure and demands judgment that the several interests of all parties to the actions be determined and the premises sold to satisfy them.

The defendants Cottle set up a general denial, based upon allegations that the descriptions in the tax sales proceedings are different from the description set out in the complaint, and are indefinite, conflicting, defective and insufficient, and that the proceedings are, therefore, void ab initio.

Assuming that the description of the Cottle property in the complaint is correct, the property is irregular in shape and pentagonal in form, presenting five sides — 589.99 feet on Folger street, as far as it goes northerly in a straight line; 68.12 feet on the northeasterly extension of Folger street; 61.45 feet on northerly

boundary of the property; 622.62 feet in rear; and 120 feet south boundary.

Plaintiff has three certificates for years 1919, 1920, 1921. The description in 1919 certificates is 658.11 feet front, east side of Folger street, by 71 feet north line, no other dimensions given.

The description in 1920 is the same.

The description in 1921 is 658.11 feet on east side of Folger street, 120 feet deep on south line, and 71 feet deep on north line.

The certificates held by the defendants city of Buffalo and Charles H. Wiltsie have the same description: 658.11 feet front on east side of Folger street, by 120 feet deep south line, and 71 feet deep north line, with one exception: City certificate for 1906–1907 has description 589.99 feet front on Folger street by 120 feet deep. This describes a parallelogram, correctly describing a part of the premises.

It is apparent that none of the descriptions in any of the certificates correspond with the description set out in the complaint, and that they differ substantially therefrom.

In all but the one instance (city certificate 1906–1907) they describe a parcel of land 658.11 feet front by 120 feet deep on south line and 71 feet deep on north line, and in two of plaintiff's certificates no south line is given.

Folger street appears to run north from Tifft street 589.99 feet, and turns northeasterly; and plaintiff's explanation of the frontage stated in the certificates of 658.11 is that the frontage given on Folger street proper, of 589.99 plus the 68.12 feet on the northeasterly extension of Folger street, is 658.11 feet.

Plaintiff presents the map of premises on file in the office of the assessors of the city of Buffalo, claiming that it may be referred to as assisting to define the boundaries, but without going into details as to the data from which this map was made, it is enough to say that this description differs materially from that of the certificates and that of the complaint.

In description of land a given boundary line is presumed to continue in a straight line, and where a depth is given it is presumed to be at right angles to the frontage. If this rule is followed, we are confronted with one of two alternatives, either the given 658.11 feet frontage on Folger street goes far north of the northerly boundary of the property, or, if it turns to the northeast, we have 589.99 feet by 120 feet on Folger street, in its northerly course, by 120 feet in the northeast extension of Folger street, resulting in a double assessment on a substantial part of the land assessed.

In *People ex rel. National Park Bank* v. *Metz* (141 App. Div. 600) the rules applicable to taxes and assessments are set forth; they

must be strictly construed in favor of the landowner. (See, also, *Zink* v. *McManus*, 121 N. Y. 259; *Matter of New York Central Railroad*, 90 id. 342; *Fulton* v. *Krull*, 200 id. 105.)

In these and kindred cases it is stated that descriptions of land for purposes of taxation must be definite and certain in the certificate itself, and must be followed strictly in all subsequent proceedings. " Equity has no function to fulfill in furtherance of claims under statutory proceedings."

In my judgment these certificates are void and no proceedings based upon them can be sustained.

Many other points have been raised on this trial, but as they are not essential to the disposition of it, it is unnecessary to discuss them. There is the charter provision, section 185, for reassessment in case of erroneous assessment. The purchaser shall be reimbursed and the tax property reassessed.

The defendants Cottle should have judgment accordingly, and dismissing the complaint, with costs.

Findings may be submitted on or before October 20, 1927.