John B. Murray, J.
This case came before this court on an action to quiet title to certain real estate purchased by the plaintiff from Oswego County on February 5,1970. The property had been previously sold to Oswego County due to unpaid taxes in October of 1966. The land in question was first owned by the defendants in this action, Philip and June Kline, as a parcel of a large farm in the Town of Schroeppel. The Klines built *188 a house and three-bay garage on the tract sometime in the year 1963. In 1964 the assessors made a separate assessment on the newly-developed portion of the property to include the house and three-bay garage. The defendants paid the tax in 1965 realizing what the assessment specifically covered. In the month of June, 1965, plaintiff purchased the house portion from defendants but not the adjoining lot and three-bay garage. The defendants subsequently moved into a new home built to the west of the lot and three-bay garage. In late 1965 or early 1966 the defendants asked plaintiff to pay his portion of the 1965-1966 school tax and the 1966 county tax. Plaintiff refused since his name was not on the bill. Subsequently defendants tried to have the assessment apportioned but were unable to do so as the books were not at the County Treasurer’s office at that time. Plaintiff, however, on June 28, 1967, did secure a separate assessment of the 1966 tax bill covering the house he had purchased and paid his portion of $493.17. The remainder of the tax covering the lot and three-bay garage was left unpaid. In the year of 1969 two notices were sent by the County Treasurer’s office to the defendants for the balance due. Defendant, Philip Kline, acknowledged receiving one notice, which was received in evidence.
On the 5th of February, 1970, the Board of Supervisors of Oswego County authorized the County Treasurer to sell the remaining portion of the parcel to the plaintiff.
The defendant claims that the tax deed conveyance is void in that the period of redemption has not yet been extinguished under section 1022 of the Real Property Tax Law. The County Treasurer properly complied with all sections of the Tax Law and the conveyance is presumptive evidence that the sale and all the proceedings were regular and in accordance with all provisions of the law. (Real Property Tax Law, § 1020, subd. 3.) Section 1022 gives the original owner of the land a period of time in which to redeem. In the case of occupied land, an additional period is given not to exceed 36 months after the sale. In the case at bar that time period has expired, the original tax sale taking place in October of 1966 where the county was the buyer. In the case of Callahan v. Underwood (260 App. Div. 352) the court was faced with a similar case in which the Board of Supervisors of Broome County received title to the premises from the County Treasurer after a public tax sale for unpaid taxes. The court held that where owners of realty failed to redeem within three years after property was sold on tax sale, sale and conveyance to county became absolute even if there was *189 a failure to serve notice to redeem. In this case the defendants did not redeem within the statutory period.
The defendants argue that it is impossible to ascertain the exact location of the property or any buildings thereon. The tax deed erroneously described the property as being bounded 1ST. by Drive, E. by Goldych, S. by Kline and W. by Kline. The' map exhibits show that the property is actually bounded N. by Drive, E. by Kline, ¡9. by Goldych and W. by Kline. The defendants testified that the school tax bill came out in September of 1965, four months after the closing with Mr. Harten on the house and that the bill was in defendants’ name. The bill covered the house sold to Harten and the three-bay garage. Both defendants testified that the prior year the taxes were assessed for $3,500 for a house, lot and garage, and were paid by them. Mr. Gallagher, the Assistant County Treasurer, testified that he prorated the 1966 taxes at Mr. Harten’s request and the house was assessed at $2,800, and the lot and garage for $700. It is clear from the testimony that all parties to the action knew that the assessments were for a house and lot, and a garage and lot. The defendants allowed the taxes on the garage and lot to go unpaid, resulting in plaintiff’s buying that portion of the property.
The defendants also contend that the description in the deed is defective and so vague as to deny defendants their constitutional rights. In the case of Goff v. Shultis (26 N Y 2d 240) the Court of Appeals held that where land in an assessment though erroneously described in several aspects including compass directions of boundary lines, of the quantity of land assessed could only be that of plaintiff’s predecessors. The land could be identified and located to a reasonable certainty (Beal Property Tax Law, § 504, subd. 4). The description must be sufficient to advise the record owner and his heirs what property is being assessed. Defendants both testified that they knew what property was assessed and had paid the prior taxes on the same. In McDonogh v. Smith (277 App. Div. 1087), it was held that the fact that plaintiff for many years paid taxes on these parcels as so described indicates conclusively that he was neither deceived nor misled.
The attempt to cancel the tax sale was of no effect as section 1026 of the Beal Property Tax Law (subd. 3) is clear that “ Before the county treasurer cancels a tax sale pursuant to the provisions of this section, the party claiming under the tax deed issued from the sale sought to be cancelled * * * shall deliver to him an instrument of abandonment.” The evidence *190 clearly shows that plaintiff never signed such an instrument of abandonment.
The plaintiff shall be vested with title to all land bounded N. by Drive, E. by the Harten lot, S. by G-oIdych and W. by Kline. The westerly line shall be parallel to the easterly line and west of the three-bay garage to include its roof over-hangs. It is clear that the property that was covered by the unpaid tax assessment and sold at the tax sale and deeded to the plaintiff is the property described above. The description in the tax deed is insufficient to identify the westerly boundary of the property conveyed but if the description in a deed needs construction, it is the duty of the court to put itself in the position of the parties at the time the conveyance was made, and, in the light of the surrounding circumstances, ascertain and put into effect the very thing which the parties proposed to do. (Horton v. Niagara, Lockport and Ontario Power Co., 231 App. Div. 386.) A doubtful expression contained in a conveyance must always be construed most favorably to the grantee (Blackman v. Striker, 142 N. Y. 555, 562). In the case of Goff v. Shultis (26 N Y 2d 240), referred to above, the Court of Appeals held that the tax assessment on which tax deed was based and which was erroneous in several respects, including both compass directions of boundary lines and quantity of land assessed, but which because of references to public lines of towns led to conclusion that land in assessment could ‘1 only be ’ ’ the land in dispute, complied with requirement of statute that description permit property to be identified with reasonable certainty. The property in the ease before the court includes the lot and the three-bay garage and is sufficient to identify the property with reasonable certainty.
Judgment granted to the plaintiff as demanded in his complaint with costs and disbursements, and defendants’ answer, counterclaim and affirmative defense are denied in toto with prejudice.