■ In the Matter of S. BERZAL Co., INC., Appellant, v ARNOLD HYLAND et al., Constituting the Board of Assessors of the Village of Catskill, et al., Respondents.—Appeal from an amended judgment of the Supreme Court at Special Term, entered in Greene County on May 31, 1979, which denied petitioner's application pursuant to section 720 of the Real Property Tax Law, to strike certain assessments from the assessment roll of the Village of Catskill for the year 1978. The 1978 assessment roll of the Village of Catskill contained the following assessments against the name of S. Berzal Co., mailing address. "Mildred C. Berzal, P. O. Box 148, Saugerties, N.Y. 12477"; 1. "East side of Main St. Used car lot"; 2. "East side of Main St. Body shop"; 3. "281 W. Main St. H & L", and 4. "Between 9W and W. Bridge St. Lot". Petitioner formally protested these assessments before the Board of Assessment Review for the Village of Catskill, as to Assessments Nos. 1, 2 and 4 above, alleging, in addition to overvaluation, illegality consisting of "Property cannot be identified from description or tax map number on the assessment roll." The board failed to reduce or correct the assessments and petitioner commenced a proceeding pursuant to article 7 of the Real Property Tax Law for a review of its determination. On March 7, 1979, petitioner moved for an order, pursuant to section 720 of the Real Property Tax Law, striking Assessments Nos. 1, 2 and 4 above set forth from the assessment roll of the Village of Catskill on the ground that said assessments do not conform to the requirements of subdivision 2 of section 502 and subdivision 1 of section 1402 of the Real Property Tax Law, and that it is impossible to tell with reasonable certainty what properties are being assessed from the description contained in the assessment roll. Subdivision 1 of section 1402 of the Real Property Tax Law provides that village assessors shall prepare an assessment roll of the real property within a village in the same manner and form required by law for the preparation of a town assessment roll. The form of assessments for a town is set forth in section 502 of the Real Property Tax Law. Subdivision 2 of that section provides as follows: "Provision shall be made with respect to each separately assessed parcel of real property for the entry, in appropriate columns, of the name of the owner, last known owner or reputed owner and a description sufficient to identify the same, including the surnames of the abutting property owners and the names of the abutting streets or highways, the approximate number of square feet, square rods or acres contained therein or a statement of the linear dimensions thereof. When a tax map has been approved by the state board, reference to the lot, block and section number or other identification numbers of any parcel on such map shall be deemed

a sufficient description of such parcel." Assessors are charged with the duty of providing a description of the real property assessed sufficient to identify the same, and subdivision 2 of section 502 of the Real Property Tax Law prescribes the details concerning the real property which are to be included in the description for the purposes of identification. Except, insofar as the descriptions of Assessments Nos. 1 and 2 above set forth contain the name of the owner and the abutting street, they totally fail to comply with the statute. Assessment No. 4 above set forth does not even provide the name of the abutting street. An accurate description of the land assessed is essential to the validity of an assessment and without reasonable certainty in description, no foundation is laid for the purpose of enforcement of the collection of taxes. (Matter of New York Cent. Hudson Riv. R.R. Co., 90 NY 342.) Allter v Village of St. Johnsville (130 App Div 297) involved an assessment similar to the assessments in question herein. In that case the court said (supra, p 301): "This assessment is altogether too vague and indefinite to be enforced. There is in fact no assessment whatever against the plaintiff. * * * There is an entire failure to specify the quantity of real property as specifically required by the statute, nor is there any reference to anything whereby the particular land may be pointed out or identified. Such an assessment roll is on its face fatally defective and void." The character of the property, or the use to which it is being put, is also not sufficient for identification purposes. In Allter V Village of St. Johnsville (supra), the property was occupied by a knitting company. The court found that such fact did not aid the assessment where it could only be determined from the assessment that the property was somewhere on North Division Street, but it could not be determined on which side or on what part, and the extent of the property could not be ascertained. The only distinction in the assessments in question are that the property in Assessments Nos. 1 and 2 are stated to be on the east side of Main Street. This is insufficient to support these assessments. In Matter of Siemer v Village Bd. of Vil. of Orchard Park (286 App Div 135), the acreage, owner, and residential character of the property were correctly given in the assessment roll, but there was no description by metes and bounds, and the names of the abutting owners were not given. It was held that the requirement of the statute had not been met. The assessments here are so vague and indefinite that no person could, from such descriptions, ascertain the location or the extent of the property. Under the circumstances, the assessments are fatally defective on their face and void. It has been held that where the provisions of subdivision 2 of section 502 of the Real Property Tax Law have not been sufficiently complied with that the assessments should be stricken from the tax roll (Matter of Whitney Inds. v Board of Assessors of Town of Long Lake, 48 Misc 2d 422; cf. County Dollar Corp. v City of Yonkers, 47 Misc 2d 627). Judgment reversed, on the law and the facts, without costs, and Assessments Nos. 1, 2 and 4 stricken from the tax roll for the year 1978. Mahoney, P. J., Sweeney, Staley, Jr., and Casey, JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). The majority cites the case of Allter v Village of St. Johnsville (130 App Div 297) in support of the remedy sought by petitioner; however, in that case this court held that deficiencies in description would not support jurisdiction for a court to strike an assessment from a duly prepared and filed roll. In any event, I agree with the following portion of Special Term's opinion: "Considering the subject assessment descriptions in the light of the above noted authorities the descriptions of the petitioner's property appear to be quite adequate. The name of the owner is given for

each parcel and the parcels are described as to their general location and as to the nature of their use, such as, 'body shop' and 'used car lot'. Moreover, it is submitted that the petitioner has paid taxes for many years upon the property and was never, in fact, mislead or deceived." Special Term's analysis is in accordance with the cases of *Harten v Kline* (71 Misc 2d 187) and *McDonogh v Smith* (277 App Div 1087, mot for lv to app den 302 NY 950) cited in its opinion. In *McDonogh* this court noted *(supra, p 1087)* "The fact that the plaintiff for many years paid taxes on these parcels as so described, indicates conclusively that he was neither deceived nor misled." (See, also, *Goff v Shultis,* 26 NY2d 240, 243.) The judgment should be affirmed.