GEORGE O. WATERMAN, TRUSTEE AND EXECUTOR, PROS-
ECUTOR, v. THE TOWNSHIP OF SHREWSBURY IN THE
COUNTY OF MONMOUTH, ET AL.

Submitted March 21, 1912—Decided July 26, 1912.

1. The description in the advertisement of sale of land for unpaid
   assessments should be such as to warn the owner for what prop-
   erty he is assessed, and such as to secure a fair sale by showing
   to purchasers what property is to be sold, and where it appears
   that these requisites have not been complied with, the sale will
   be set aside.
2. The fourteenth section of the act of 1903 (*Pamph. L., p.*
   348), which provides: "No *certiorari* shall be allowed to review
   any sale of land to enforce any assessment or tax, unless such
   writ be allowed within three years from the date of any such
   sale," is not applicable where no assessment has been laid or
   proper sale made.

On *certiorari.*

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutor, *John S. Applegate & Son.*

For the defendants, *Traverse A. Spraggins* and *Charles J.
Parker.*

The opinion of the court was delivered by

KALISCH, J.   The prosecutor, as trustee of the heirs of
William W. Conover, deceased, obtained a writ of *certiorari*
in aid of an action of ejectment, commenced by him against
Charles J. Parker, to recover the possession of certain lands
alleged to belong to the prosecutor, for the purpose of bring-
ing under review the validity of an alleged tax sale of said
lands, made by the township of Shrewsbury, in the county of
Monmouth, to Charles J. Parker, and evidenced by two certifi-
cates of sale, under the date of August 12th, 1898, and August
2d, 1902, respectively, for unpaid assessment of taxes for the
year 1897, assessed upon the lands of the estate of Charles

Jobes. The property in question, as described in the certificates of sale under date of August 12th, 1898, is as follows: "Being house and lot on Pearl street, Fair Haven, assessed and advertised as the property of Charles Jobes estate was struck off and sold to Charles J. Parker," &c.

The certificate of sale made and executed under the date of August 2d, 1902, and which recites that it is made in correction of the certificate of sale made and executed under the date of August 28th, 1898, describes the property as follows: "All those parcels or lots of land and premises situate in the township of Shrewsbury, county of Monmouth and State of New Jersey, hereinafter described, viz.: Being the real estate assessed and advertised as the property of the Charles Jobes estate, consisting of house and lot on west side of Pearl street and Main road, Fair Haven, store and lot on corner of Pearl street and Main road, Fair Haven, one lot on west side of Normandy street, Fair Haven, and two lots on east side of Normandy street, Fair Haven, were struck off and sold to Charles J. Parker," &c.

From the assessor's field book of the township of Shrewsbury for the year 1897 it appears that the following assessments were made against the estate of Charles Jobes and one Hester Jobes in the manner following:

"Jobes, Charles Est.

"1 H. & L. on W. Side Pearl St. (F. H.)

"Store & L. on Cor. Pearl St. Main Road.

"2 Lot at (F. H.)

"Jobes Hester.

"H. & L. on W. Side Pearl St. (F. H.)"

There is an utter absence of any appraisement of the value of the lands by the assessor, as required by *Gen. Stat., p.* 3294, § 68. It appears that none was ever made. This fact alone is sufficient, under the reasoning in *Baxter, prosecutor,* v. *Mayor and Aldermen of Jersey City,* 7 *Vroom* 188, to render the assessment invalid and a sale by virtue thereof nugatory.

From the evidence before us, it further appears that by the collector's return of delinquents for unpaid taxes of 1897, with a list containing the names of the persons delinquent in

paying their taxes assessed for that year, is the name of "Jobes Est. Charles 21.06." The tax warrant, in pursuance of which the sale was made, in describing the properties and amount of tax due, describes the property in question: "Jobes, Charles, Estate, house and lot on Pearl Street, Fair Haven, 21.06." The advertisement of the sale was in the identical description with the exception that the word "estate" was abbreviated. And under this description the certificate of sale under August 12th, 1902, purports that there was sold and conveyed to Charles J. Parker, as it appears by the evidence, six parcels of land in Fair Haven, located on different streets, some of them having buildings on them and not adjacent to each other.

The rule laid down in *Warshung v. Hunt*, 18 *Vroom* 256, that the description in the advertisement of sale should be such as to warn the owner for what property he is assessed, and such as to secure a fair sale by showing to purchasers what property is to be sold, is applicable to the case before us. It is palpable that the advertisement of the sale of a house and lot on Pearl street was no notice to purchasers that five other parcels of property, some of them with buildings upon them, at different locations, were also to be sold. The advertisement was misleading and injurious to the owner of the properties as well as to prospective purchasers. We think this defect in the advertisement is, in itself, sufficient to invalidate the sale and the certificates given in pursuance thereof.

It is further established, by the proof in the case, that the assessment was made in the name of the estate of Charles Jobes, whereas, there was no such estate, the title to such lands being vested in other owners. One Esther A. Manning had a life estate therein, and the prosecutor, as executor and trustee of the heirs of William W. Conover, deceased, owned the fee. There is no pretence that any notice of the proposed sale of lands had been given to the real owners, as required by section 9 of the act of 1898. *Pamph. L., p.* 457. The failure to comply with the statute in that respect invalidates the sale. *State, Fleischauer, prosecutor, v. West Hoboken Township,* 11 *Vroom* 109; *Woodbridge v. State, Allen, prose-*

*cutor,* 14 *Id.* 262; *Landis* v. *Vineland,* 32 *Id.* 424; *State, Brooks,* v. *Union Township,* 39 *Id.* 133. There is no attempt made by the defendant, in his brief, to justify the regularity of the proceedings under which the properties in question were sold, except, by a few general statements to the effect, that the reasons urged by the prosecutor for setting aside the proceedings are not sustained by the evidence. We think, from an examination of the evidence, that it abundantly appears that the proceedings were irregular and defective in many respects, so as to invalidate the sale and to render the certificates given in pursuance thereof nugatory. The argument advanced by the defendant is that the prosecutor is not entitled to present his writ, because the same was not applied for within three years after the date of the sale of the lands, as provided by the act of 1903. *Pamph. L., p.* 348.

We think the prosecutor is entitled to prosecute his writ, for two reasons: *First.* Because it is in aid of an action in ejectment, under which circumstance, it has been repeatedly held, that lapse of time cannot be set up as against the issuance of the writ. *State, Baxter, prosecutor,* v. *Jersey City,* 7 *Vroom* 188; *State, J. H. McCarthy et al., prosecutor,* v. *Mayor, &c., of Jersey City,* 15 *Id.* 136; *Brooks* v. *Township of Union,* 39 *Id.* 136; 4 *Comp. Stat., p.* 4679, § 15. *Second.* The statute invoked as a bar is not applicable where no assessment has been laid or proper sale made. *Walsh* v. *Newark,* 49 *Vroom* 168.

The proceedings and certificates of sale must be set aside.