## ELECTROLYTIC COPPER CO. vs. RAMBLER CONSOL. MINES CORP.*

(No. 1272; Febr. 9, 1926; 243 Pac. 126.)

APPEAL AND ERROR—TAXATION—ASSESSMENT ROLL—DESCRIPTION OF PROPERTY TAXED—TAX SALE—LIMITATIONS OF ACTIONS.

1. Comp. St. 1920, § 2775, providing that assessment roll shall specify the name of the individual or corporation to whom any property shall be taxable, means the owner.

2. In statutory action to recover possession of real property, where validity of tax sale was in issue, evidence *held* not to require inference from record that plaintiff, R. Consolidated Mines Corporation, was successor in interest of R. Mining & Smelting Company, in whose name property was listed on assessment and sale record, or that former succeeded to latter's rights by virtue of consolidation and change of name.

3. If facts which might be inferred from record on appeal would have called for a different judgment below, Supreme Court must assume they were not established.

4. Where, on assessment and sale, records, property sold for taxes pursuant to Comp. St. 1920, §§ 2894-2897, was listed

as belonging to one other than owner, and in schedule returned by assessor it was described as ''real estate,'' and an erroneous number of acres and section number given, and, on combined assessment roll and tax list and in notice of sales, it was listed as ''mining claims,'' and in record of sale as ''mining claim,'' *held*, that sale was void for want of sufficient description, in view of Comp. St. 1920, § 2775.

5. Under Comp. St. 1920, § 2775, in sale of property for taxes, description should be sufficient to identify it so as to give notice to owner and public generally that described property will be sold and enable owner and prospective purchasers to identify land.

6. Comp. St. 1920, § 2881, providing that no. irregularity or informality in advertisements shall affect legality of tax sale, was not intended to authorize tax sales without notice, but merely to cure defects in notice of sale, and, where neither name of owner nor description of lands was shown anywhere in tax proceedings, notice was lacking and sale void.

7. Under Comp. St. 1920, § 2844, providing that no action for recovery of real property, sold for non-payment of taxes, shall be brought unless within 6 years after date of sale, it is clear that statute would not start to run in favor of purchaser in tax sale until he had title for property, or at least was entitled thereto.

8. Where tax sale is of lands occupied by holder of patent title, Comp. St. 1920, § 2844, providing that action of recovery of real property for taxes must be brought within 6 years after sale, does not run in favor of tax purchaser until he takes possession, and hence, where purchaser had not taken possession until fall of 1919, and plaintiff and its grantors were in actual possession prior thereto, statute did not bar plaintiff who brought action in 1922.

9. In action to recover real property, where defendant claimed property under tax sale, *held* that such defendants, in order to rely on statute of limitations, Comp. St. 1920, § 2844, must establish facts to bring statute into operation.

*NOTE—See Headnotes (1) 37 Cyc p. 1049 n. 86 (2, 3,) 4 CJ pp. 778 n. 75; 779 n. 85; 37 Cyc p. 1518 n. 66 (4) 37 Cyc pp. 1052 n. 13; 1329 n. 45; 1330 n. 47 (5) 37 Cyc pp. 1052 n. 13; 1329 n. 45 (6) 37 Cyc pp. 1327 n. 30; 1329 n. 45 (7) 37 Cyc p. 1505 n. 87 (8) 37 Cyc pp. 1505 n. 88; 1506 n. 89 (9) 37 Cyc p. 1517 n. 57 New.

ERROR to District Court, Albany County; VOLNEY J. TID-
BALL, Judge.

Action by the Rambler Consolidated Mines Corporation
against the Electrolytic Copper Company. Judgment for
plaintiff, and defendant brings error.

*Sullivan* and *Garnett, Jefferis* and *Tunison* and *C. G.
Price* for Plaintiff in Error.

The action being in ejectment, plaintiff must recover
on the strength of its own title. 19 C. J. 1039, 1074;
Davis v. Living, 40 S. E. 365. Title vested in Albany
County on tax sale, 2894 C. S. The six year statute of
limitations ran from that time, 2844 C. S. The action is
barred. McKinnon v. Fuller, 146 N. W. 910; Lauderdale
v. Pierce, 131 N. W. 514; Huber v. Brown, 107 Pac. 850;
McCash v. Penrod, 109 N. W. 180; Weber v. Martinez,
51 So. 679; Baylis v. Kerrick, 116 Pac. 1082; Gibson v.
Smith, 124 N. W. 733. Plaintiff paid no taxes for 1913
nor has it ever taken steps to redeem. No irregularity in
the tax proceedings will defeat the statute of limitations.
Wilder v. Dennis, 202 Fed. 667; Cornelius v. Ferguson,
121 N. W. 91. The statute does not require the name of
the owner to be published in the sale notice. Plaintiff
was charged with notice that its taxes were delinquent.
Assessment in wrong name is of no avail after lapse of six
years. Bank v. Lumber Co. 62 So. 907. McQuade v. Jeff-
ray, 50 N. W. 233; Costello v. McConnico, 168 U. S. 674;
Hertzler v. County, 96 N. W. 294. Description of property
in general terms is sufficient. People v. Leet, 23 Cal. 163;
Landry v. McWilliams, 65 So. 875; Hunt v. Latham, 117
Atl. 94. Defects in the deed from the County are not
material. Plaintiff cannot recover on any weakness in
defendant's title. Investment Co. v. Mallin, 25 Wyo. 373-
392. The property was bid in by the County under Sec-
tion 2894 C. S. The commissioners were authorized to
sell it, 2896 C. S. The owner is allowed two years to re-
deem from the County, 2897 C. S. No action for recovery

of real property, sold for taxes, shall be maintained unless within six years after date of sale, 2844 C. S. In Matthews v. Blake, 16 Wyo. 116, the question was as to the validity of the tax deed. In this case title vested by operation of law. Under Section 2894 C. S., the title vested in the County which immediately tolled the statute. Plaintiff was not entitled to notice of sale, 2881, C. S. Hertzler v. County, (N. D.) 96 N. W. 294. Property was described as a mining claim, which was sufficient to identify it. Buckner v. Sugg, 96 S. W. 185; Mining Co. v. County, 125 Pac. 1018; Hunt v. Latham, Supra; 37 Cyc. 1056. Plaintiff was charged with notice that its taxes had not been paid. Investment Co. v. Mallin, Supra. It is unnecessary to plead the statute of limitations as a special defense in ejectment; 6237 C. S.; 9 R. C. L. 899; 2 Bates New Pl. 1579, and cases cited. Stocker v. Green, 94 Mo. 280; 4 A. S. R. 382, and note; the fact that 2844 C. S. was a portion of Chap. 109, laws 1876, does not change the context of the Section itself.

*A. W. McCollough* for Defendant in Error.

The six year statute of limitations was not pleaded below and is not available. Columbia Savings & Loan Co. v. Clause, Admr., 13 Wyo. 166; U. S. F. & S. Co. v. Parker, 20 Wyo. 29; 53, 54; First Natl. Bank v. Citizens State Bank, 11 Wyo. 32, 60. 25 Cyc. 1401. Defendant relies on a tax deed from the County. 2888 and 2897 C. S. The tax deed is not evidence. Matthews v. Blake, 16 Wyo. 116; Black on Tax Titles, Sec. 443; Marx v. Hawthorne, 37 U. S. 410; 37 Cyc. 1452. It must be accompanied by evidence of preliminaries. 2 Cooley on Taxation, 3d Ed. 1004. Provisions of law must be strictly complied with to support a tax title. Hecht v. Boughton, 2 Wyo. 385; Kinley v. Thelan, 110 Pac. 513; Parker v. Overman, 59 U. S. 137; 2 Cooley on Taxation, 3d Ed. 913; Black, Secs. 155, 443, 446. The six year limitation statute does not apply to sales to counties, but only to private purchasers. Laws

1876, Chap. 109. Counties had no authority to bid in land at tax sale until 1899; 2894 C. S. Mere lapse of time does not validate an illegal sale; Cooley, 3d Ed., Vol. 2, pg. 1067. Martin v. Barbour, 140 U. S. 634; Bird v. Benlisa, 142 U. S. 664. The county did not bid in any property. The county never took possession. The limitation statute is an adverse possession statute. Harvey v. Douglass, 83 S. W. 946; Holmes v. Loughren, 105 N. W. 558. Defendant's authorities are not in point. Name of owner must be correctly stated. Hecht v. Boughton, Supra; Gibson v. Foster, 135 Pac. 121. Lands and improvements must be separately assessed. Const. Art. XV, Sec. 1. 2775 C. S. Property must be assessed to the owner. Hecht v. Boughton, Supra; Black, Sec. 105; Cooley (1) 3d Ed. 729. An assessment sale under wrong name is void. Gibson v. Foster, Supra; Mathews v. Nefsy, 13 Wyo. 458. There must be a proper description. Raymonds Lessee v. Longworth, 14 How. 76; Sullenger v. Baecher, (Ind.) 101 N. E. 517; Martin v. White, (Ore.) 100 Pac. 290; Smith v. City (Cal.) 112 Pac. 307; Van Cise v. Carter, (S. D.) 68 N. W. 539; Moran v. Thomas (S. D.) 104 N. W. 212, 213; Hewett v. Co. (Ark.) 180 S. W. 199; Booth v. Cooper (Ida.) 126 Pac. 776; Lake County v. Min. Co. 66 Cal. 17; Stout v. Mastin, 139 U. S. 156. A valid levy must be shown. Alexander v. Capps, 140 S. W. 722. Tax proceedings are strictly construed; 37 Cyc. 1339; Black, 155, 156; Cooley 481; Harrington v. Herster (N. J. E.) 108 Atl. 150. A certified list of delinquent taxes must be filed with the Treasurer. Noble v. Amoretti, 11 Wyo. 230, and a proper notice of sale given. 2862, 2877 C. S. The record must show proof of publication. Townsend v. Martin, (Ark.) 17 S. W. 875; Cooley on Taxation, 929. Serving of notice, three months before the expiration of the redemption period, is necessary to validate tax deed. Matthews v. Nefsy, Supra; Black, 385; 37 Cyc. 1425; King v. Boettcher, (Nebr.) 147 N. W. 836. The owner may redeem it any time prior to the date of notice. Burns v. State, 25 Wyo. 491; Matthews

v. Nefsy, Supra. Title acquired by a county differs from
that vesting in a private purchaser. The effect is to main-
tain the county's lien for taxes, and the same proceedings
to perfect title are required as in the case of a private
purchaser. 37 Cyc. 1355 and cases cited. The same rule
of strict compliance as to proceedings applies. Rush v.
Co. (Mont.) 93 Pac. 943; Borthwick v. Johnson, (Ore.)
137 Pac. 784; Dennis v. Robertson (Va.) 96 S. E. 802;
Harton v. Enslen, (Ala.) 62 S. 696. The proceedings
vested no legal title in defendant. Plaintiff in error has
urged that it is unnecessary to plead the statute of limita-
tions as a special defense in ejectment. Assuming that
the defense can be made under the general issue, it was
not made and no assignment of error is before this court
on the point. Murphy v. Co., 27 Wyo. 455; C. B. & Q.
R. R. Co. v. Lampman, 18 Wyo. 106; Diamond Bros. v.
Beckwith Co., 17 Wyo. 333; U. S. v. Trabing, 3 Wyo. 144.

KIMBALL, Justice.

This is a statutory action to recover the possession of
real property. The judgment of the district court on a
trial without a jury was for the plaintiff, and the inter-
ested defendant brings error. The parties will be called
plaintiff and defendant as in the court below.

The property consists of ten lode mining claims, named
Rambler, Rambler No. 2, Rambler No. 3, Rambler No. 4,
Rambler No. 5, Isabella No. 1, Isabella No. 2, Isabella No.
3, Isabella No. 4, and Strangler. Their total area is some-
thing less than 200 acres in sections 4 and 5, twp. 14, and
sections 32 and 33 in twp. 15, range 79. Before or during
the year 1906 all the claims were patented, and the patents
recorded in the office of the county clerk of Albany
County. The title after patent until 1908 was in Rambler
Mining and Smelting Co. In January, 1908, the claims
were conveyed to Rambler Copper and Platinum Co., by
a deed recorded in June of the same year. Title remained

in the last named company until May, 1919, when the claims were conveyed to the plaintiff.

The defendant relied on title obtained through a sale in 1914 for taxes for the year 1913. The decision of the case depended on the validity of this tax title. The plaintiff claims that the tax sale was void for many reasons, several of which we deem it unnecessary to consider. We think the facts with reference to the assessment of the property warranted a finding by the trial court that the tax sale was void because the property was not described as required by the statute. Section 2775, Wyo. C. S. 1920, provides, among other things, that lands shall be assessed by township, range, section or part of a section, and where such part is not a legal sub-division, by "some other description sufficient to identify it." The same section provides also that the assessment roll shall specify the name of the individual or corporation to whom any property shall be taxable, which means the owner. Hecht v. Boughton, 2 Wyo. 385, 400.

In all the records of assessment and sale the property in question is listed as belonging to Rambler Mining and Smelting Company. On the assessment schedule, returned by the assessor, it is described as 360 acres of "real estate in Sec. 34, Twp. 15, Range 79;" on the combined assessment roll and tax list and on the record of sales, as "mining claims;" and in the notice of sales as "mining claim." No part of the claims was in section 34; they did not embrace 360 acres, but only 200 acres; they had not belonged to the owner named for some five years, as clearly shown at the time of assessment by the deed records of the county, and there was no evidence that Rambler Mining and Smelting Company did not own other real estate or other mining claims in the section mentioned in the assessment schedule. In reference to the error in the name of the owner, it is said in argument that the inference may be drawn from the record that the plaintiff is not only the successor in interest of the Rambler Mining

and Smelting Co., but that it succeeded to those rights by virtue of consolidation and change of name. Whether this inference might have been drawn by the trial judge, we need not say. The evidence certainly did not require such an inference, and if the facts that might have been inferred would have called for a different judgment, we must assume that they were not established.

It seems, therefore, that the description "real estate," or "mining claims," or "mining claim," was not only indefinite, but every stated fact as to location, ownership and acreage was erroneous. It is inferable from the evidence that the Rambler Copper and Platinum Company, which owned the property at the time of the tax sale, owned at that time several other mining claims in that locality. In the circumstances, it was impossible for any one to say from the tax records that the ten claims in question were the ones taxed and sold. The defendant introduced evidence tending to prove that the claims in question were known in that locality as "Rambler mine," "Rambler mines," or "Rambler mining property." As the property was not assessed by any of these descriptive terms, we cannot say that this evidence required a finding that the mining claims in question were sufficiently identified by the description in the tax proceedings.

The description of real property should, under the statute, be "sufficient to identify it." The rule would probably be much the same in the absence of the statute. Cooley, Taxation (4th ed.) Secs. 1175, 1416. This is required as notice to the owner as well as to the public generally that the described property will be sold. The description should be sufficiently definite to enable the owner and prospective purchasers to identify the lands. Williams v. Bowers, 197 Mass. 565, 84 N. E. 317; Waterman v. Shrewsbury, 83 N. J. L. 286, 84 A. 204. The following are a few of many decisions that could be cited to show the necessity of a description sufficient to identify the land, and that to meet that test more is required than is

found in this case. Raymond's Lessee v. Longworth, 14 How. 76, 14 L. ed. 333; Bird v. Benlisa, 142 U. S. 664, 125 Ct. 323; 35 L. ed. 1151; Sullenger v. Baecher, 55 Ind. App. 365, 101 N. E. 517; Moran v. Thomas, 19 So. Dak. 469, 104 N. W. 212; Scott v. Parry, 108 La. 11, 32 So. 188; Zink v. McManus, 121 N. Y. 259, 24 N. E. 467; Martin v. White, 53 Ore. 319, 100 P. 290; Smith v. Los Angeles, 158 Calif. 702, 112 Pac. 307.

Our attention is called to Section 2881, Wyo. C. S. 1920, providing that:

"No irregularity or informality in the advertisements, shall affect in any manner, the legality of the sale, or the title to any real property conveyed by the treasurer's deed under this chapter, but in all cases the provisions of this chapter shall be deemed sufficient notice to the owners, of the sale of their property."

This section was considered in Hecht v. Boughton, 2 Wyo. 383, 402, and Investment Co. v. Mallen, 25 Wyo. 373, 384, 170 Pac. 763. The statute, as shown by the discussion in those cases, was not intended to authorize tax sales without notice, but to cure certain defects in the notice of sale only. The statute presupposes that the property will be assessed as required by law. In Hecht v. Boughton, supra, when considering a notice of sale defective for failure to state the name of the owner, it was said that "though under this section the omission from the advertisement of the owner's name might not prejudice the sale, all the proceedings prior to the advertisement must conform to the statute, and to the principle which it proceeds upon, in order that its provisions may work such notice." Whether this statement that "all the proceedings prior to the advertisement must conform to the statute" is too broad, we need not inquire. It is at least clear that if, as in this case, neither the name of the owner nor a description of the lands is shown anywhere in the tax

proceedings, the notice necessary as the foundation of the tax lien is lacking, and the sale void.

Section 2894, C. S. 1920, provides that real estate that cannot be sold for the amount of taxes and cost of advertising, or on which no bids are offered, "shall be bid in by the county treasurer, and shall then become the property of the county." Section 2895 provides that real estate so bid in shall be assessed and taxed each year the same as other real estate, but shall be placed by itself on a separate tax roll and assessment list, and the valuation thereof not reckoned as a part of the valuation of the county. Section 2896 provides that, "after such real estate has become county property, the county commissioners of the county owning such property, shall have authority to dispose of the same at any time, at either public or private sale." Section 2897 provides for redemption of such property within "two years from the date of such purchase by the county."

Under the foregoing statutes the property in question was "bid in" by the county on June 27, 1914, and sold by the county to William Benton, defendant's grantor, on November 7, 1919. The present action was commenced in July, 1922, and defendant contends that it is barred by Section 2844, which reads:

"No action for the recovery of real property, sold for non-payment of taxes, shall be maintained unless the same be brought within six years after the date of sale for taxes aforesaid."

This section is a substantial copy of a part of a similar statute of Iowa (Sec. 790, Rev. L. Iowa, 1860), and probably was adopted from that state. Investment Co. v. Mallin, 25 Wyo. 373, 386, 170 Pac. 763. It became the law of our Territory as part of an act approved Dec. 10, 1869. Ch. 109, C. L. 1876. We do not find that the statute was construed in Iowa before that date, though it had been

held there that the title to real property sold for taxes did not pass out of the owner until the period for redemption had expired and the tax deed had been executed and delivered. Williams v. Heath, 22 Ia. 519. It is clear that the statute would not start to run in favor of a purchaser at a tax sale until he had a deed for the property, or, at least, until he was entitled to a deed. This was assumed in our decision, Matthews v. Blake, 16 Wyo. 116, 92 Pac. 242, holding that the limitation did not apply in favor of a tax-purchaser holding under a void deed though he had possession of the property for the full period mentioned in the statute.

When section 2844 was enacted it was intended to apply only to the ordinary case of sale to a private purchaser. The statutes authorizing counties to "bid in" property at tax sales were not passed until 1899. In endeavoring to apply the provisions of section 2844 to proceedings under Sections 2894 to 2897, we must see how the operation of the limitation statute is affected by the fact of possession. The limitation is against an "action for the recovery of real property." We see no reason for extending this language by construction, and take it to have reference only to the common law action of ejectment or its statutory substitute. One in actual possession of property has no reason for trying to recover it. He cannot maintain an action for that purpose, and a law requiring him to institute one would be absurd. The duty to bring an action to recover the property is on the person who is not in possession. When, therefore, the sale is of lands occupied by the holder of the patent title, the statute does not start to run in favor of the tax-purchaser until he takes possession. This view which seems quite clear on reason is supported by ample authority. 37 Cyc. 1505-1506; Waln v. Shearman, 8 Serg. & R. 357, 11 Am. Dec. 624; Baldwin v. Merriam, 16 Neb. 199, 20 N. W. 250; Bradshaw v. Brady, 43 So. Dak. 24, 171 N. W. 366; Long v. Boast, 153 Ala. 428, 44 So. 955; Mason v. Crowder, 85 Mo. 526; Martin v.

White, 53 Ore. 319, 100 Pac. 290; Lewis v. Disher, 33 Wis. 504, 133 Pac. 1057. A different construction might render the statute objectionable on constitutional grounds. Buty v. Goldfinch, 74 Wash. 532, 133 Pac. 1057.

It is said in Eldridge v. Kuehl, 27 Ia. 160, 176, that the Iowa statute was borrowed from, or substantially a copy of, the Pennsylvania statute. In the Pennsylvania case of Waln v. Shearman, supra, it was said (p. 362):

"One thing seems certain, and that is, that it was intended to allow five years for bringing an ejectment, and it was also intended, that the person should be forever barred who neglected to bring his action within these five years. The question is, then, what is to be the commencement of the period of limitation? The best answer appears to be, the first moment when the action could have been brought; that is, the instant that possession is taken by the purchaser."

The lands in question in Waln v. Shearman were "unseated." After that decision an act was passed authorizing ejectment against a tax-purchaser of unoccupied lands. Purden's Dig. (13th ed.) p. 1297. That act worked a change in the rule as to unoccupied lands (Robb v. Bowen, 9 Pa. St. 71), but Waln v. Shearman continues to be authority on the point we are now considering. We decide nothing as to the effect of our statute while the lands remain unoccupied.

In Baldwin v. Merriam, supra, the Nebraska court considered a statute like that of Iowa. C. S. Neb. 1881, p. 425, Sec. 134. The court said:

"Even if the (tax) deeds had been valid on their face the statute would not commence to run in favor of the holder until he took possession. A party in actual possession of real estate cannot be ousted from such possession or his title divested by merely recording a tax deed

of which he may not be aware and under which nothing is claimed. If a party claims under a tax deed and invokes the aid of the special statute of limitation he must bring himself within the rule as to adverse possession.''

The evidence in the case at bar in regard to the possession of the lands in question was not very clear. The county did not take possession, and it is doubtful whether the statutes contemplate that it should. The possession of defendant's grantor (the county's grantee) began in the fall of 1919. The trial court was warranted in finding that plaintiff and its grantors were in actual possession at all times prior to 1919. The only understandable testimony to show that the property was unoccupied during that period was to the effect that no work was done there after a fire that occurred in 1918. If the defendant relied on the limitation statute it should have established the facts to bring the statute into operation.

As this action for recovery of the property in question was brought less than six years after the time when it might first have been brought, it is clear under the foregoing views that the limitation of section 2844 had not run.

We find no error in the record and the judgment will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.