# DENNY v. STEVENS

(No. 2024; November 10, 1937; 73 Pac. (2d) 308)

(Rehearing denied January 25, 1938)

For the plaintiff in error, the cause was submitted on the brief of *C. A. Zaring* of Basin.

For the defendant in error, the cause was submitted on the brief of *L. A. Bowman* of Lovell.

RINER, Justice.

The district court of Big Horn County entered a judgment quieting the title to certain lands situated in that county upon the suit of Walter (W. G.) Stevens, the decision being in his favor, as plaintiff in the case, and against the claims of the defendants therein, among whom was Edward Denny, who alone has brought the record here for review by proceedings in error. For convenience the parties to these proceedings will occasionally be referred to hereinafter as the "plaintiff" and the "defendant."

The undisputed facts material to be considered in disposing of the case would appear to be these: The W½ of the SE¼ of the SE¼ of Section 24, Township 56 North of Range 97 West of the 6th P. M., Wyoming, in Big Horn County, was subject to taxation for the year 1924; the taxes thereon being unpaid on July 17, 1925, these lands were sold for the accrued taxes of the preceding year to the County of Big Horn. Thereafter and on February 7, 1928, the Board of County Commissioners sold said property to Walter G. Stevens, and the same day the chairman of said Board signed an instrument designated "Commissioners' Tax Deed," which purported to convey the said lands to Stevens; it was witnessed by the County Clerk and Ex-officio Clerk of the Board and acknowledged by the chairman aforesaid before the Clerk of the District Court of said County. The instrument was placed of record in the office of the County Clerk above mentioned on July 9, 1928. The parties have agreed by stipulation, which was presented to the district court, that the records of

Big Horn County, Wyoming, disclosed that the County Assessor of said County failed to attach his oath to the assessment roll and tax list for the year 1924, as required by law.

Denny acquired a deed to this land from the owners of record by conveyance dated May 16, 1929, and thereafter recorded in the office of the County Clerk of Big Horn County, just when the record is not clear. The record also fails to clearly show who these record owners were at the time Denny made his purchase.

Meanwhile and within thirty days after the execution of the instrument by the Board of County Commissioners aforesaid, Stevens took actual possession of the premises described therein, and between that time and April 30, 1935, the date of the trial of the cause in the district court, fenced them, put them into crops and by constant effort transformed the land from a state of utter unproductivity to one in excellent condition for the growing of crops.

Stevens also holds a quitclaim deed from the Byron Drainage District, conveying to him said lands, the instrument being dated January 8, 1934, and duly recorded March 8, 1934. The Drainage District obtained whatever title it held through purchasing the land on account of unpaid assessments for the year 1927 on said property. However, in obtaining that title the District seems never to have served a notice of intention to apply to the Treasurer of Big Horn County for a tax deed, as required by law, on Denny, the party in whose name the land was assessed.

August 29, 1934, the plaintiff brought suit under the provisions of Section 89-3901, W. R. S., 1931, in the usual form, in said district court, against Edward Denny, Lottie Pryde Walker, Ellen Pryde and William Pryde, as the sole and only heirs at law of William Pryde, deceased, as defendants, to have his title quieted to the lands aforesaid and also to those in the remain-

ing half of that portion of the quarter section described. October 11, 1934, Denny alone filed an answer admitting plaintiff's possession of the property and alleging his own claims to the West Half of said portion of this quarter section to be superior to the right or title of plaintiff. He also filed then a cross-petition, in which he stated he was the owner of the West Half of said portion of this quarter section and that in the year 1928 the plaintiff wrongfully, without the defendant's consent, entered upon said lands, has occupied them ever since and has raised and taken crops therefrom during the preceding six years; that the reasonable rental value of said premises during said period is the sum of $600.00, and the defendant prayed that plaintiff take nothing by his action and that defendant recover of plaintiff the stated rental value. To this pleading plaintiff filed his reply in the nature of a general denial, which on the trial of the cause was allowed by the court to be amended so as to plead the short statute of limitations relating to tax titles, Section 115-309, W. R. S., 1931, which reads:

"No action for the recovery of real property, sold for non-payment of taxes, shall be maintained unless the same be brought within six years after the date of sale for taxes aforesaid."

The cause was tried to the court without a jury and with the result already indicated.

The defendant claims that the district court was in error in its judgment because the plaintiff cannot invoke the aid of Section 115-309 aforesaid, inasmuch as that statute is only available in defense of an action by a tax title holder, i.e., it may be used as a shield but not as a sword. Walker v. Boh, 32 Kan. 354, 4 Pac. 272; Stump v. Burnett, 67 Kan. 589, 73 Pac. 894; Cooley on Taxation, Vol. 2, 3rd Ed., Page 1083; and Munson v. Marks, 52 Colo. 553, 124 Pac. 187, are cited. The plaintiff's response to this proposition is that this rule

is not applicable when a defendant seeks affirmative relief, as he does in the case at bar, by his cross-petition, and Couch v. Chase, 91 Mont. 234, 6 Pac. (2d) 867, and cases therein cited, are relied upon to establish this proposition.

The defendant also insists that another reason why the plaintiff should not prevail in this action is that the Commissioners' Tax Deed, relied upon by plaintiff in connection with the short statute of limitations quoted above, is absolutely void and that the statute does not run when the tax deed held by the party in possession of lands is void for jurisdictional defects, whether the defects appear upon the face of the deed or not. Sundry cases are called to our attention in support of this view, among them being Holmes v. Loughren, 97 Minn. 83, 105 N. W. 558. Plaintiff says in the course of his brief, referring to the Commissioners' Tax Deed aforesaid, that "it will be conceded" that said deed is "regular on its face but void for jurisdictional defects." He then mentions the case of Brewer v. Kulien, 42 Wyo. 314, 294 Pac. 777, wherein this court held that the failure of the County Assessor to attach his oath to the assessment roll invalidates the tax sale where title is claimed thereunder. The plaintiff also in this connection asserts that Stevens having acquired a tax deed to the premises in question which is regular on its face, and having gone into actual and notorious possession of the premises and maintained that possession for the full period of the running of the statute of limitations, quoted above, his title is unassailable and Denny cannot be heard as to any defects in the proceedings leading up to the issuance of the Commissioners' Tax Deed, aforesaid, even though it is void for jurisdictional defects. Many cases are cited in support of this position which, it is contended, establish this point, particularly Hamilton v. Witner, 50 Wash. 689, 97 Pac. 1084. We do not find it necessary to resolve all of these questions.

In Matthews v. Blake, 16 Wyo. 116, 92 Pac. 242, this court held that possession under a tax deed void on its face does not set in motion the special statute of limitations relative to the recovery of property sold for taxes, embodied in Section 1861 Revised Statutes, 1899, now Section 115-309 W. R. S., 1931, supra. In that case the court also decided that where the statute requires the deed of a public officer to be executed in a particular manner and to be witnessed or acknowledged before a particular officer, the performance of these duties in the manner required by law is a part of the execution of the deed, with the consequence unless they are so performed the deed is void on its face, and the rule was applied to a tax deed not acknowledged before the Clerk of the District Court as required by the statute.

In Electrolytic Copper Co. v. Rambler Consolidated Mines Corporation, 34 Wyo. 304, 243 Pac. 126, it was held that under Compiled Statutes of Wyoming, 1920, Section 2084, identical with Section 115-309 W. R. S., 1931, supra, that this statute would not start to run in favor of the purchaser at a tax sale until he had a deed for the property or at least was entitled thereto, and, also that this statute would not commence to run in favor of the purchaser of a tax title until he takes possession thereof.

By these decisions we are led to inquire whether the so-called Commissioners' Tax Deed to Stevens was "fair on its face." A tax deed to be fair on its face was in North American Realty Co. v. Brady, 77 Colo. 56, 234 Pac. 1054, described as one where extraneous evidence is necessary to show the illegality of the conveyance, and the decisions in Knowles v. Martin, 20 Colo. 393, 38 Pac. 467, and Imperial Securities Co. v. Morris, 57 Colo. 194, 141 Pac. 1160, are listed as so holding.

Mr. Justice Field, referring to a government patent to mineral ground, an instrument which like a tax deed

is also required to be executed and issued in accordance with certain statutory requirements, said in St. Louis Smelting and Refining Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875,

"Something more, however, than an apparent contradiction in its terms is meant, when we speak of a patent being void on its face. It is meant that the patent is seen to be invalid, either when read in the light of existing law, or by reason of what the court must take judicial notice of; as, for instance, that the land is reserved by statute from sale, or otherwise appropriated; or that the patent is for an unauthorized amount, or is executed by officers who are not intrusted by law with the power to issue grants of portions of the public domain."

See also Poire v. Wells, 6 Colo. 406.

In the case at bar the Commissioners' Tax Deed aforesaid was required to be executed and delivered pursuant to the provisions of Sections 2896 and 2897 Wyoming Compiled Statutes, 1920, the law in force at that time. These statutes read, the former:

"After such real estate has become county property, the county commissioners of the county owning such property, shall have authority to dispose of the same at any time, at either public or private sale. If sold at public sale, said commissioners shall have the right to reject any or all bids, and may continue to offer the same for sale, until the same shall be disposed of."

and the latter:

"The original owner of any such real estate, so bidden in by the county, shall have two years from the date of such purchase by the county in which to redeem the same. If redeemed from the county the price shall be the purchase price paid by the county, together with the accrued costs up to the time of redemption and eight per centum per annum on such sum. If the said real estate has been disposed of by the county, then the original owner may redeem from such purchaser in the same manner as though such purchaser had bidden

in said property at tax sale. After the expiration of two years from the date of sale by the county, of any such real estate, to any private purchaser, it shall be the duty of the county treasurer to make, execute and deliver to such private purchaser a tax deed for any property so sold."

It will be observed that the conveyance undertaken to be made by the Commissioners of Big Horn County and designated "Commissioners' Tax Deed" is neither signed nor acknowledged by the County Treasurer whose duty it was under the law to "make, execute and deliver" it.

In 61 C. J. 1332, the text citing cases from a large number of jurisdictions, says: "Ordinarily, the officer who shall execute tax deeds is designated in the statutes, and no other can perform this office." So in Callahan v. Davis, 125 Mo. 27, 28 S. W. 162, it was decided that where the statute provided that the county treasurer should be ex-officio county collector, with power to collect taxes and sell lands for the non-payment thereof, a tax deed executed by him as collector merely and not as treasurer and ex-officio collector was void on its face, and the court said: "The deed seems to be in the form prescribed by the statute, but it does not show upon its face that the land was ever sold by, or that it was executed by, an officer having authority to do either."

While counsel for the plaintiff asserts that it will be "conceded" that the Commissioners' Tax Deed, aforesaid, is fair on its face, and although counsel for the defendant says nothing about the condition of the instrument in this respect; the status of the conveyance is disclosed on its face and the requirements of the law are perfectly clear. The instrument was void on its face, and within the ruling in Matthews v. Blake,

supra, would not avail to set the short statute of limitations running.

The instrument in question is void on its face for another reason also. It recites the sale to Stevens as made on the 7th of February, 1928. The conveyance was executed by the chairman of the board of County Commissioners of Big Horn County the very same day, and it was delivered to Stevens shortly thereafter, at least within thirty days subsequent to its execution.

In Barrett v. Barrett, 46 Wyo. 84, 23 Pac. (2d) 857, we held that under Compiled Statutes, 1920, Section 2897, above quoted, a tax deed from the county to a private purchaser, executed and delivered before two years from the date of private sale of the property to him, was void inasmuch as the land owner had the right to redeem the land during the period and the tax deed had accordingly been issued prematurely.

No contention seems to be advanced on behalf of the plaintiff herein that the tax title acquired by him through the Byron Drainage District is sufficient in itself to support the judgment below.

We are obliged therefore, as requested by the defendant, to reverse the judgment of the district court in so far as it concerns the West Half of the quarter section involved, with instructions to dismiss the action in that respect, notwithstanding the fact that we feel strongly the equities of the matter in favor of the plaintiff. However, under the provisions of Sections 89-3907 to 89-3910, inclusive, Revised Statutes, 1931, and those of Chapter 76 Session Laws of Wyoming, 1933, as well as the decision of this court in Brewer v. Folsom Bros. Co., 43 Wyo. 433, 5 Pac. (2d) 283, it may well be that plaintiff can secure protection sufficient

for the most part to reasonably safeguard the situation in which he finds himself.

*Affirmed in part and reversed in part with instructions.*

BLUME, Ch. J., and KIMBALL, J., concur.

## ON PETITION FOR REHEARING

RINER, Justice.

A petition for rehearing has been filed in this case by counsel for the defendant in error, Stevens. We do not believe this filing would have been made if counsel had examined carefully the prior decision of this court in Barrett et al. v. Barrett et al., 46 Wyo. 84, 23 Pac. (2d) 857, mentioned and followed in the original opinion herein. Neither in the petition for rehearing or in the brief in support thereof is that case referred to, nor is any attempt made to demonstrate that its reasoning is unsound. We see no reason now to change the views therein expressed, and we are not asked to overrule it. Counsel places especial reliance on the case of McCague Investment Co. v. Mallin, 25 Wyo. 373, 170 Pac. 763. That case was particularly urged upon us and considered in the Barrett case, supra, and it was held not in point for the reasons there stated. The extended quotation made by counsel from the opinion in the Mallin case in his brief now before us itself shows that the court expressly refrained from deciding the question which was involved in the Barrett litigation.

It is not easy to interpret legislative enactments in the light of settled canons of judicial construction, as must always be done, and reach results which this court always considers wise and best fitted to accomplish justice and equity. The wisdom or unwisdom of legislation, as is generally known, is not a matter for

the courts to determine. State ex rel. Murane v. Jack, on petition for rehearing, (Wyo.) 71 Pac. (2d) 917; 59 C. J. 945 and cases cited. We do the best we can in endeavoring to ascertain the intention of the legislature from the language used by that body, but we may not disregard the language employed in the laws it enacts however anxious we may be to reach a just result.

We are obliged to conclude that the petition for rehearing should be denied.

*Denied.*

BLUME, C. J., and KIMBALL, J., concur.