**Glenn C. GOODRICH, individually; and Glenn C. Goodrich and Judith A. Goodrich, trustees of Glenn C. Goodrich, D.D.S., Inc. Pension Plan, Appellants (Defendants),**

v.

**Elizabeth A. STOBBE, Appellee (Plaintiff).**

**No. 95–40.**

Supreme Court of Wyoming.

Dec. 18, 1995.

Nancy A. Zerr of Kirven and Kirven, P.C., Buffalo, for Appellants.

Greg L. Goddard and John P. LaBuda of Goddard, Perry & Vogel, Buffalo, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellants Glenn Goodrich, individually, and Glenn Goodrich and Judith Goodrich, trustees of the Glenn C. Goodrich, D.D.S., Inc. Pension Plan, appeal from the summary judgment which quieted the title to certain property in favor of Appellee Elizabeth Stobbe.

We affirm.

## ISSUES

The appellants present the following issues for our review:

1. Did Appellee Stobbe possess Appellant Goodrich's property pursuant to a tax deed as required by *Wyo.Stat.* § 1–32–201?

2. Where there was defective notice in a tax sale under *Wyo.Stat.* § 39–3–103, is Appellee Stobbe's failure to take possession of Appellant Goodrich's property ineffective to start the six-year statute of limitations under *Wyo.Stat.* § 39–3–106?

3. Did Appellee Stobbe comply with the requirements of possession under *Wyo.*

*Stat.* § 34–2–132(a) so as to bar Appellant Goodrich's right to redeem the property?

4. Did the court err by invoking the equitable doctrine of laches where Appellant Goodrich did not seek affirmative relief?

## FACTS

In 1975, Glenn Goodrich purchased a tract of land located in Johnson County. Lake County National Bank, acting as the custodian for the Glenn C. Goodrich, D.D.S., Inc. Pension Plan, held the warranty deed in trust and paid the taxes on the property from 1975 through 1981. Neither the bank nor Goodrich paid the property taxes in 1982 or in the following years. The property was sold to Johnson County at a tax sale in August 1983 for the taxes which were due on it.

In 1987, Johnson County officials mailed two separate notices to Goodrich by certified mail, informing him that the statutory redemption period would expire on August 26, 1987. When Goodrich failed to redeem the property, it was transferred to Johnson County by a tax deed dated September 3, 1987. Johnson County subsequently sold the property to Stobbe, and the warranty deed which evidenced that sale was recorded on May 20, 1992.

Stobbe filed a complaint in the district court on November 30, 1993, seeking to quiet her title to the property against any adverse interest claimed by the appellants. Pursuant to a motion filed by Stobbe, the district court granted a summary judgment, effectively quieting the title to the property in her favor. The appellants perfected their appeal to this Court.

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Kahrs v. Board of Trustees for Platte County School District No. 1*, 901 P.2d 404, 406 (Wyo.1995); *see also* W.R.C.P. 56(c). We

examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Jack v. Enterprise Rent–A–Car Co. of Los Angeles,* 899 P.2d 891, 893 (Wyo.1995). We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Adkins v. Lawson,* 892 P.2d 128, 130 (Wyo.1995). We do not accord any deference to the district court's decisions on issues of law. *Kahrs,* 901 P.2d at 406.

## B. Quiet Title Action

The appellants contend that Stobbe could not maintain her quiet title action because she did not have possession of the property as is required by WYO.STAT. § 1–32–201 (1977). Section 1–32–201 states:

> An action may be brought by a person in possession of real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining the adverse estate or interest. The person bringing the action may hold possession himself or by his tenant.

In *Hirsch v. McNeill,* 870 P.2d 1057 (Wyo.1994), this Court stated that, in order to maintain a quiet title action under § 1–32–201, "the plaintiff must have (1) possession, and (2) legal title or some interest in the property." 870 P.2d at 1059. *See also Marple v. Wyoming Production Credit Association,* 750 P.2d 1315, 1318–19 n. 2 (Wyo. 1988). "[T]he reason that possession in some degree is usually a prerequisite to bringing a quiet title suit is that a legal remedy is ordinarily available to one out of possession." 65 AM.JUR.2D *Quieting Title and Determination of Adverse Claims* § 36 at 170 (1972). When no other remedy is available, however, the claimant may maintain an action to quiet the title to the property even though he does not have possession of it. *Id.* Additionally, "[i]f the land is in a natural condition, uninclosed by fences, and vacant, the person holding title to the land may initiate a quiet title action even without allegation or proof of possession on his part." 65 AM.JUR.2D, *supra,* § 43 at 175. In that instance, the title holder is presumed to have constructive possession of the land. *Id.; see also* 1 HERBERT T. TIFFANY, THE LAW OF REAL PROPERTY § 20 (3d ed. 1939 & Supp.1995).

This Court succinctly stated these general principles in *Ohio Oil Co. v. Wyoming Agency,* 63 Wyo. 187, 179 P.2d 773 (1947).

> [T]he rule requiring actual possession by plaintiff is based on the availability of full protection to him through an action in ejectment or its statutory substitute. If the land is not occupied by any one, the plaintiff having title may sue to have his title quieted, either because the remedy exists independent of the statute, or because his title gives him constructive possession.

63 Wyo. at 208, 179 P.2d 773 (citations omitted). A district court may also use its general equity jurisdiction or its powers pursuant to the Uniform Declaratory Judgments Act to protect property rights even when the claimant has not specifically requested that the district court do so. 63 Wyo. at 209–10, 179 P.2d 773; *see also Amick v. Elwood,* 77 Wyo. 269, 277, 314 P.2d 944 (1957).

The appellants argue that we must apply the definition of possession found in WYO. STAT. § 34–2–131(a)(iv) (1975) in determining whether Stobbe could maintain her quiet title action. Since that definition pertains only to WYO.STAT. §§ 34–2–131 through 34–2–135 (1975), we cannot apply it to a determination of whether a party has complied with the possession requirement under § 1–32–201. We will, therefore, apply the definition of possession which we applied in *Ohio Oil Co.:*

> "We may say, however, speaking generally, that one is in possession of land when he is in occupation thereof, with the intention, actually realized, of excluding occupation by others, or when, although not in actual occupation, he claims the right of exclusive occupation, and no person is in occupation opposing his claim." Tiffany on Real Property, (2d ed.) § 14, (3d ed.) § 20.

63 Wyo. at 209, 179 P.2d 773.

We conclude that Stobbe was entitled to maintain her quiet title action. The property was undeveloped when this controversy

occurred. Although Stobbe did not physically reside on the property, she claimed title to it by virtue of the tax deed. Stobbe visited the property on a number of occasions, paid the property taxes, made efforts to obtain title insurance and financing so that she could develop the property, and discussed the development of the property with a builder/developer.

Goodrich did not claim that he was in occupation or possession of the property. It is questionable, therefore, whether Stobbe could have maintained an action to recover the property from Goodrich because she may not have been able to make the showing that Goodrich unlawfully kept her out of possession of the property. *See* WYO.STAT. § 1–32–202 (1977); *Bragg v. Marion*, 663 P.2d 505 (Wyo.1983). In any event, the district court could have utilized its equitable powers or its powers under the Uniform Declaratory Judgments Act to determine the parties' respective rights in the property.

## C. Six–Year Limitation Under WYO.STAT. § 39–3–106(d) (1981)

The district court found that Johnson County had failed to comply with the statutory notice requirements for obtaining a tax deed. The district court further found, however, that "any defect in notice was waived by [the appellants] pursuant to the six[-]year statute of limitations set forth in W.S. 39–3–106."[1] The appellants argue that the six-year limitation did not apply in this case because Stobbe failed to take possession of the property as is contemplated by WYO.STAT. § 39–3–106(d) (1981). We conclude that § 39–3–106(d)'s six-year limitation barred Goodrich's claim.

Section 39–3–106(d) provides:

(d) No action for the recovery of real property sold for the nonpayment of taxes shall be maintained unless commenced within six (6) years after the date of sale for taxes.

We interpreted this statutory provision in *Electrolytic Copper Co. v. Rambler Consol. Mines Corp.*, 34 Wyo. 304, 243 P. 126 (1926).

In that case, the Court held that the statute would not begin to run in favor of a tax sale purchaser until (1) the purchaser had a deed to the property or was at least entitled to have a deed and (2) he took possession of the property. 34 Wyo. at 314, 243 P. 126; *see also Denny v. Stevens*, 52 Wyo. 253, 73 P.2d 308 (1937).

The ruling in the *Electrolytic Copper Co.* case is not dispositive of the possession issue in this case. In that case, the Court considered a situation where the original owner of the property remained in possession of the property after the tax sale. 34 Wyo. at 314, 243 P. 126. The Court held that the statute was not triggered until the tax sale purchaser took actual possession of the property. *Id.* The Court declined, however, to determine what the effect of the statute would be in the event that the land was not occupied by the previous owner after the tax sale. 34 Wyo. at 315, 243 P. 126.

■ When the land is not occupied by the original owner after the tax sale:

The general rule seems to be that although a tax deed is valid upon its face ..., possession under the deed is essential to the assertion of the bar of the statute.... However, it has also been held that when a tax deed was in due form and was recorded in the proper office, and the lands described therein remained vacant and unoccupied for a time in excess of the short period stated by the statute of limitations, a tax title claimant was in constructive possession of the land, the statute ran in his favor, and the original owner was barred from attacking its validity.

72 AM.JUR.2D *State and Local Taxation* § 1057 at 325 (1974). *Compare Shaffer v. Mareve Oil Corporation*, 157 W.Va. 816, 204 S.E.2d 404 (1974) (actual possession not required) *with Scott v. Boyle*, 246 S.E.2d 887 (1978) (actual possession required). We agree with the principle of law that, when the lands are not occupied after tax sales, the holders of the tax deeds have constructive possession of the properties and the statute

---

1. Stobbe asserts that Johnson County complied with the statutory notice requirements in this case. We refuse to entertain Stobbe's assertion on appeal, however, because she failed to file a cross-appeal to challenge the district court's finding on the notice issue. W.R.A.P. 2.01.

of limitations commences to run. This determination is consistent with our earlier ruling that parties can maintain actions to quiet their titles in unoccupied properties by showing that they have constructive possession of the properties. This decision also recognizes that, in our modern society, many people own properties which they do not actually occupy.

The *Electrolytic Copper Co.* case also held that the statute was intended to apply only to private purchasers and that it did not contemplate that counties could take possession of the properties. 34 Wyo. at 314, 316, 243 P. 126. The Court reasoned:

When [the statutory] section ... was enacted it was intended to apply only to the ordinary case of sale to a private purchaser. The statutes authorizing counties to "bid in" property at tax sales were not passed until 1899.

34 Wyo. at 314, 243 P. 126. The Court went on to state: "The county did not take possession, and it is doubtful whether the statutes contemplate that it should." 34 Wyo. at 316, 243 P. 126.

Although we have tried to understand and accept the logic employed by the *Electrolytic Copper Co.* Court, we are not able to agree with its conclusion that counties stand in a different position under § 39–3–106(d) than private tax sale purchasers. We are not convinced by the Court's conclusion that, since the statutes which allowed counties to "bid in" at tax sales were not adopted until after the six-year limitation statute had been enacted, the counties should not be allowed to utilize the statute in the same manner as private tax sale purchasers.

The plain language of § 39–3–106(d) does not exempt counties. We do not see any reason why counties should not be allowed to actually or constructively possess properties which they have acquired through tax sales. In fact, this Court has stated that a county may even acquire an interest in property through the doctrine of adverse possession. *See, e.g., Koontz v. Town of Superior,* 746 P.2d 1264 (Wyo.1987). We, therefore, overrule the *Electrolytic Copper Co.* case to the extent that it places counties in a different position under § 39–3–106(d) than private tax sale purchasers.

We do not hastily overrule that portion of the *Electrolytic Copper Co.* decision. As we recently stated in *Jones v. State,* 902 P.2d 686, 692–93 (Wyo.1995):

We consider the doctrine of *stare decisis* to be an important principle which furthers the " 'evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.' " *Cook v. State,* 841 P.2d 1345, 1353 (Wyo.1992) (quoting *Payne v. Tennessee,* 501 U.S. 808, 827, 111 S.Ct. 2597, 2609, 115 L.Ed.2d 720 (1991)).

Nevertheless, we should be willing to depart from precedent when it is necessary " 'to vindicate plain, obvious principles of law and remedy continued injustice.' " *Id.* (quoting *Gueke v. Board of County Commissioners,* 728 P.2d 167, 171 (Wyo. 1986)). When precedential decisions are no longer workable, or are poorly reasoned, we should not feel compelled to follow precedent. *Id. Stare decisis* is a policy doctrine and should not require automatic conformance to past decisions. *Id.*

We turn now to the application of our legal rulings to the facts of this case. The tax deed which transferred the property to Johnson County was dated September 3, 1987. The county sold the property to Stobbe, and the warranty deed which evidenced that sale was recorded on May 20, 1992. Stobbe commenced the present action on November 30, 1993. Since we have ruled that the county had constructive possession of the property by virtue of its tax deed, we conclude that the six-year limitation period had run when Stobbe commenced her action. Stobbe was, therefore, entitled to have the title to the property quieted in her favor because any claim which the appellants had against the property was barred under § 39–3–106(d).

### D. Other Issues

The district court also found that the two-year limitation in § 34–2–132(a) and the equitable doctrine of laches prohibited the appellants from contesting Stobbe's title. We do not need to address these issues because our

ruling that § 39–3–106(d) barred the appellants from challenging Stobbe's title is dispositive. We feel compelled, however, to comment on the parties' respective equities in this case.

Taxes are a burden which we all must endure. The appellants cannot expect to be allowed to reclaim the property when Goodrich failed to pay the taxes on it over an extended period of time. The Legislature wisely recognized equitable concepts by adopting the applicable statutes of limitations. We do not, therefore, need to turn to the various equitable principles which are available to the courts in order to decide this case.

## CONCLUSION

We hold that the summary judgment which quieted the title to certain property in favor of Stobbe is affirmed.